PER CURIAM.
This is an appeal by the defendant husband from a judgment which granted the plaintiff wife a divorce, and provided for alimony and child support and contained certain provisions relating to property. Appellant presented a number of contentions, principal among which were that the trial court’s finding that the husband was guilty of extreme cruelty was against the weight of the evidence, and that the court erred in granting the wife, as lump sum alimony, the furnishings in the home and a one half interest in the residence owned by the husband.
The record discloses competent substantial evidence to support the holding of the court that the plaintiff proved the material allegations of her complaint and that the defendant was “guilty of extreme cruelty within the meaning and purview of the laws of this state,” and also of the finding that the plaintiff was the owner of certain corporate stock therein described as the “Tucson Stock.”
The trial court denied the plaintiff wife’s claim that she was entitled to an equity in the husband’s property. However, the court found that the wife (in addition to her earnings in her employment) was in need of “financial assistance” for permanent alimony as well as child support, but also found that the husband was not presently financially able to pay adequate amounts for alimony. Thereupon the court ordered payment of installment alimony of $1 per year, reserving jurisdiction to increase the same if circumstances require, and, as lump sum alimony, awarded the wife the furnishings and a one half interest in the residence property, with leave to occupy the home with the teen aged daughter in her custody until the daughter reached majority, or until marriage of the daughter or of the plaintiff if occurring sooner, with the plaintiff wife being required to pay the mortgage payments, taxes and insurance on the residence property while so occupied by her. Such alimony provisions were within the discretion of the court and appear to have represented an exercise of sound judicial discretion by the trial court in the circumstances of the case.
The several contentions of the appellant having been considered, and this court having concluded that no reversible error was demonstrated, the judgment is affirmed.