282 So.2d 30 (1973)
Irvin POLLAK, Appellant,
v.
Harriet POLLAK, Appellee.
No. 72-853.
District Court of Appeal of Florida, Third District.
July 17, 1973.
Rehearing Denied August 27, 1973.
*31 Gribben, Swann & Glass, Coral Gables, for appellant.
Rosen & Rivkind, Miami Beach, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant appeals from a final judgment granting a dissolution of marriage and imposing a division of certain properties.
Prior to their marriage in 1944, the parties entered into an antenuptial agreement whereby the petitioner-wife for $5,000 agreed to release any and all interest in the appellant-husband's real or personal property that might be asserted because of the marital relationship. Thereafter, with the initial money from her husband, appellee-wife built up a successful group of dress shops. In the meantime the appellant began to expand his real estate holdings. In 1968 the parties separated but continued to live under the same roof until the final hearing in this cause on November 11, 1971. Having heard the testimony of both parties, the chancellor granted the dissolution of marriage and further found: (1) that the appellant had transferred to his wife as gifts a one-half interest in all real and personal property that he possessed or acquired during the marriage, (2) that the parties' net worth was $1,000,000 and their net income exceeded $200,000 per year, and (3) that the antenuptial agreement was moot. In view of the above findings, no alimony was granted to the wife and each party had to bear his own legal fees and costs. It was then ordered and adjudged that the parties are tenants in common in the marital residence and each party owns *32 50% of the capital stock of the Tangiers Enterprises, Inc., Pinetree Towers, Inc. and Harriet Stroke, Inc.
On appeal appellant contends that the evidence was legally insufficient to support a finding that the husband made an inter vivos gift of stock interest in the Tangiers and Pinetree Enterprises to his wife.
We first considered this argument with regards to the Tangiers Enterprises, Inc. When title to real estate and stocks are taken in the joint names of spouses a presumption of a gift of an interest therein to the wife arises and this presumption can only be overcome by a clear, positive and unequivocal showing that no gift was intended. Witlin v. Witlin, Fla.App. 1963, 153 So.2d 70 and cases cited therein. Further, the conclusive evidence necessary to rebut this presumption is proof of lack of donative intent beyond a reasonable doubt, not merely by preponderance of the evidence. Schoenrock v. Schoenrock, Fla.App. 1967, 202 So.2d 571. The record in the case sub judice reflects that the appellant and his wife purchased the stock of the Tangiers Enterprises, Inc. jointly and, therefore, under these circumstances she is entitled to 50% of the Tangiers' stock. See F.S. § 689.15 F.S.A.
Next we turned to the appellant's contention above with respect to the Pinetree Towers, Inc. At the hearing held by the chancellor, the wife testified that the appellant, her husband, gave her as a gift 50% interest in the Pinetree corporation. However, although a presumption that a gift to the wife is intended when property for which the husband has paid the purchase price is transferred later to the wife as in the case at bar, such a presumption is not conclusive and may be rebutted by proof of the real intention of the husband. Dames v. Dames, Fla.App. 1963, 149 So.2d 570. The record on appeal in this case reveals that the wife relies to some extent on the husband's testimony to prove the gift, and it is the husband's testimony that the stock was given to her on a temporary basis or in trust because at the time of the stock transfer he was seriously ill. In other words, the appellant testified to the effect that the Pinetree stocks which he gave her were not intended as a gift. Accordingly, we hold it was error for the chancellor to adjudge each party to own 50% of the capital stock of Pinetree Towers, Inc. We find the appellant is entitled to 100% of the capital stock of the Pinetree Towers corporation and direct the chancellor to enter a new order in accordance therewith.
We considered appellant's remaining points on appeal and find them to be without merit.
On cross-appeal, appellee-wife contends that the chancellor erred in denying appellee's application for attorney's fees, costs and alimony. It is well established that the chancellor has the discretion to grant or deny the above. No abuse of discretion having been made to appear, we, therefore, affirm that part of the judgment as regards attorneys' fees, costs and alimony.
Affirmed in part, reversed in part and remanded with directions to enter a new order as directed.