320 So.2d 882 (1975)
Henry F. MARYEA, Appellant,
v.
Ermgard MARYEA, Appellee.
No. 75-103.
District Court of Appeal of Florida, Second District.
October 29, 1975.
*883 James I. Knudson, St. Petersburg, for appellant.
Joan LoBianco Walker, St. Petersburg, for appellee.
GRIMES, Judge.
This is an appeal by the husband from a judgment of dissolution of marriage.
The parties were married approximately two years. The wife is fifty-six years old, and her health is such that she can probably no longer work. She has assets worth about $125,000. The husband is forty-nine years old, and he is in good health. He earns about $100 per week. Following their marriage, the wife's funds were used to purchase a home and furnishings, a $10,000 certificate of deposit and a boat, trailer and motor, all of which were put in the names of both parties. The wife also opened a joint savings account, the balance of which is now $1,800.
The court concluded that the wife had put this property in the names of both parties only because of her mistaken belief that the law in Florida made it necessary for her to place property purchased here in the joint names of the husband and wife. The court concluded that there was no donative intent on the part of the wife with respect to these properties. Thereupon, the wife was granted exclusive ownership of the home and furnishings, the certificate of deposit and the savings account. However, the husband was granted as lump sum alimony the boat, trailer and motor. Certain other gifts previously made by the wife to the husband were confirmed, and the wife was required to contribute $1,000 to the payment of the husband's attorneys' fees.
With respect to transactions occurring subsequent to the adoption of Florida's new Constitution, where a wife's separate funds are used to acquire property in which title is taken as tenants by the entirety, a rebuttable presumption is raised *884 that she intended to make a gift to her husband. Ball v. Ball, Fla.App.2d, 1974, 303 So.2d 32. The evidence relevant to rebutting the presumption is proof of lack of donative intent. Pollak v. Pollak, Fla. App.3d, 1973, 282 So.2d 30. At one time, the degree of proof required was beyond a reasonable doubt. Pollak v. Pollak, supra; Schoenrock v. Schoenrock, Fla.App.2d, 1967, 202 So.2d 571. More recently, since these issues have always been exclusively the subject of equity jurisdiction, the burden has been reduced to the extent that the proof must now only be by clear, convincing and satisfactory evidence. Allstate Insurance Company v. Vanater, Fla. 1974, 297 So.2d 293; Abbott v. Abbott, Fla.App. 2d, 1974, 297 So.2d 608.
The record supports the finding of clear and convincing evidence that the wife did not intend to make a gift of an interest in the home and furnishings. However, the same proof with respect to the certificate of deposit and the savings account is lacking. The wife's testimony concerning her understanding of the law of community property as it related to these items is equivocal. Moreover, she affirmatively said that she put the certificate of deposit in both names because she "thought we were going to have a nice marriage" and caused her husband's name to be included on the savings account in order to make him "feel good." While we can appreciate the trial judge's efforts to equitably resolve the conflicting claims, there appears to be insufficient evidence to overcome the presumption of a gift of an interest in the certificate of deposit and the joint savings account. Therefore, when the marriage was dissolved the husband became entitled to an undivided one-half interest in these properties. Fla. Stat. § 689.15 (1973).
The husband's contention that the court erred in failing to grant him permanent periodic or additional lump sum alimony is without merit.
Affirmed in part; reversed in part.
McNULTY, C.J., and HOBSON, J., concur.