326 So.2d 259 (1976)
Lula Mae ATKINS, Appellant,
v.
Harrison ATKINS, Appellee.
No. 75-113.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
Harry D. Dennis, Jr., Pompano Beach, for appellant.
William F. Mackey of Chesley V. Morton & Associates, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This suit commenced as a dissolution of marriage proceeding. However, at trial it was determined that one of the parties had a living spouse from whom no divorce had been obtained. Accordingly, the trial court determined there was no marital union.
During the course of their relationship the parties took title to a certain parcel of real property in Broward County, ostensibly as tenants by the entireties. In his complaint the appellee prayed for a conveyance of the absolute title by way of a special equity. The appellant also prayed for a special equity in said property and "in the alternative" for a partition. In the final judgment under review the trial court awarded appellant $450.00 as her interest in the property and directed her to execute a quit-claim deed to appellee.
The rule seems to be that if a conveyance of land to two or more persons is silent regarding the interest each is to take, the presumption is that their interests are equal. Loring v. Palmer, 118 U.S. 321, 341, 6 S.Ct. 1073, 1080, 30 L.Ed. 211 (1886).
It is our view that the evidence fails to support the award of $450.00 as appellant's interest in the property. We therefore reverse the judgment under review and remand the cause for a new trial. Since appellant prayed for partition of the property, upon remand the court shall determine the interests of the parties in the property and partition it in accordance with Chapter 64, F.S. 1975.
Reversed and remanded with directions.
WALDEN, C.J., and CROSS, J., concur.