361 So.2d 430 (1978)
Paul CHAYKA, Sr., Appellant,
v.
Verna G. CHAYKA, Appellee.
No. 77-405.
District Court of Appeal of Florida, Fourth District.
July 12, 1978.
Rehearing Denied August 31, 1978.
*431 S. Joseph Davis, Jr., of Stenstrom, Davis & McIntosh, Sanford, for appellant.
J. Russell Hornsby of the Law Offices of J. Russell Hornsby, Orlando, for appellee.
DOWNEY Chief Judge.
The trial court entered a final judgment of dissolution in which, among other things, the wife was awarded the marital home "in recognition of said special equity and or lump sum alimony." In addition, the court reserved jurisdiction to consider an award of future child support and permanent alimony. The foregoing judicial acts constitute the basis of the appeal by the husband.
The evidence reflects that the parties have two adult daughters who are deaf and retarded. The girls live at Sunland in Gainesville, a State institution; the parents presently are not required to make any contribution for their support. The evidence further shows that the husband is a stockbroker whose present income is $95 per week and the wife is employed as a sales clerk with an income of $110 per week. However, the husband has in other times earned substantially more as a stockbroker and anticipates doing so again.
On this record we believe the trial court did not abuse its discretion in reserving jurisdiction to award child support in the future. We are also of the view that the trial court had authority to reserve jurisdiction to award permanent periodic alimony in the future if the circumstances of the parties should warrant such an allowance. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Hyatt v. Hyatt, 315 So.2d 11 (Fla. 3rd DCA 1975); Elkins v. Elkins, 287 So.2d 119 (Fla. 3rd DCA 1973).
However, error was committed by the trial court in awarding the marital home to the wife as a special equity and as lump sum alimony. The record is devoid of any evidence to support the award as a special equity. Nor can the award by sustained as lump sum alimony because of the circumstances of the parties. The wife has a demonstrated need, but the husband does not have the present ability to fulfill her needs. The cash which the husband has acquired is necessary to be retained in his brokerage business under his contract with a cooperating brokerage house. Except for the cash used in the husband's business, the assets of the parties are about equal and the wife's income is slightly more than the husband's. Thus, this does not appear to be an appropriate case for an award of lump sum alimony. Rather, the court should have left the parties as tenants in common as to this property.
Accordingly, the provision of the final judgment awarding the wife the marital home as a special equity and as lump sum alimony is reversed and the cause is remanded with directions to leave the parties as tenants in common. In view of this change in the monetary disposition of the case, on remand the trial court may further consider the rights of the parties with reference to the wife's need for alimony, including the taking of further testimony if the court deems it necessary.
REVERSED AND REMANDED with directions.
DAUKSCH and MOORE, JJ., concur.