360 So.2d 489 (1978)
Walter J. MANLEY, Appellant,
v.
Jeanette MANLEY, Appellee.
No. 77-1118.
District Court of Appeal of Florida, Fourth District.
July 12, 1978.
Bruce W. Jacobus of Ferrell & Jacobus, Melbourne, for appellant.
Edward L. Trader, Melbourne, for appellee.
DOWNEY, Chief Judge.
In this dissolution of marriage proceeding, initiated by the wife, the husband did not appear though served with process.
In her complaint the wife claimed the marital domicile because she alleged her mother had given the property to her and she needed it as a place of abode. The title to said property was held by the parties as tenants by the entireties. A default was entered against the husband and at the final hearing the only proof regarding the marital domicile was the following testimony adduced from the wife:
"The house was given to us by my mother when we were married and I would like it to be returned to me."
She was then asked:
"Q Because of that gift, you feel you have a special equity in the house?
"A Yes, I do, because my mother helped us several times to pay the payments on the house. My husband wasn't working."
In the final judgment the trial court found that the wife was entitled to a special equity in the marital domicile and thus it awarded her the husband's entire interest *490 in the home and furnishings. In addition, the judgment made a temporary order on visitation permanent. The temporary order had provided that the husband would have no visitation rights with his children until the final hearing, at which time visitation would be considered further.
Appellant raises two points on appeal: 1) the court erred in finding a special equity in the marital home and 2) the court erred in denying appellant visitation rights with his children.
The award of a special equity to the wife of the husband's half interest in the marital home is unsupported in the record. True, the wife requested the house in her complaint and the husband did not answer. However, even in the face of a default by the defendant, a plaintiff in a marriage dissolution case must prove the allegations of the complaint and the entitlement to various property awards. 10 Fla. Jur., Dissolution of Marriage, etc., § 199. Here the only proof offered was that the wife's mother made a gift of the marital house to both the husband and the wife and that title was taken jointly. No extended discussion is needed to demonstrate that this evidence falls far short of the quality necessary to prove a special equity. Harrison v. Harrison, 314 So.2d 812 (Fla. 3rd DCA 1975).
Accordingly, the provision of the judgment appealed from which awards appellee a special equity in the marital home is reversed and the cause is remanded with directions to reconsider the appellee's prayer for monetary relief. Secondly, upon remand we direct the trial court to consider visitation rights for appellant and enter an appropriate order thereon. In considering those matters the trial court may take further testimony.
REVERSED AND REMANDED with directions.
DAUKSCH and MOORE, JJ., concur.