401 So.2d 841 (1981)
Deortha A. MOORE, Appellant,
v.
Ronald E. MOORE, Appellee.
No. 80-1328.
District Court of Appeal of Florida, Fifth District.
July 1, 1981.
Rehearing Denied August 5, 1981.
Ronald A. Nour, Daytona Beach, for appellant.
Anthony J. Grezik, Daytona Beach, for appellee.
SHARP, Judge.
The wife argues that the trial court erred in its final dissolution judgment by failing to award her a special equity in some Oklahoma real estate and by awarding her husband nominal alimony of $1.00 per year. We affirm the judgment.

Nominal Alimony
The parties had been friends from childhood. They married young and had two children. At the time of the dissolution they had been married thirty-one (31) years and the children were adults. The husband worked hard and long hours as an electrician. The wife raised the children and ran the household. The husband accumulated some modest sums he intended to invest in property or in a business, but instead the parties spent their extra funds to send the wife through junior college, and to Stetson University where she earned her masters degree. They also sent both daughters through college. The parties had not accumulated any substantial assets or property.
At the time of the dissolution, the wife had been working as an instructor at a community college in the humanities department *842 for nine (9) years. She was fifty (50) years old and in good health, and was building an adequate retirement investment under the State system. She earned a salary of approximately $15,000 per year.
The husband was fifty-three (53) years old. He testified he was presently working as an electrician earning $14.00 per hour but he had been injured in his work and was in constant pain. Due to his "deteriorating" health, he was not certain how much longer he could continue working as an electrician. He had a minimal retirement with his current employer and his future was very insecure. The husband strongly opposed the dissolution. The wife did not fault the husband for the marital break-up. Their different values and diverging life-styles had gradually made them incompatible.
An award of periodic alimony should be based on the trial court's finding that the paying spouse has the ability to pay a certain sum to the other and that the other has a need for the support funds.[1] In this case, the record shows the wife is able to contribute support to the husband, since she has a good job, good health, and no other major financial commitments. However, the record fails to show the husband has any present need for support. He is working, and earning more than the wife. The record does show that in the near or foreseeable future, he may need support from her because he may not be able to work any longer at his sole trade  that of electrician, and he has no retirement and no other assets to sustain him.
Because the parties had such a long-term marriage, and the husband expended his earnings putting his family through college, foregoing building up future security for himself, we cannot say the trial court erred in concluding it should retain jurisdiction in this case to award the husband periodic alimony in the future.[2]
We find no Florida cases directly in point, but in view of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and section 61.08, Florida Statutes (1979), and under the facts and circumstances present in this case, we see no reason why the trial court should not be empowered to reserve jurisdiction indefinitely over the parties to make an alimony award to the husband. The award of $1.00 per year alimony to the husband was an obvious device to achieve this result. It is not sustainable literally because the husband failed to prove any present need[3] for alimony. However we shall interpret the judgment as a reservation of jurisdiction over the issue.[4] In the future we urge that the trial courts expressly state their reservation of jurisdiction in these cases without resort to "nominal" alimony awards.

Special Equity
The wife's parents had a large farm in Oklahoma. When the wife's father, Mr. Hurst, suffered a serious illness in 1974, he and Mrs. Hurst executed various deeds to nine (9) parcels of the farm to their seven (7) children. The deed to appellant was made out jointly with appellee, as was a deed to another daughter and son-in-law. Mr. Hurst testified he told the lawyer how to make out the deeds and had he known of his daughter's future dissolution, he would have put the property in her sole name.[5]
*843 The special equity rule set forth in Ball v. Ball, 335 So.2d 5 (Fla. 1976) deals with married persons who transfer property to their spouses which they purchased with separately owned property or previously owned separately from the marital relationship. It does not address the situation in this case where the gift is made to the spouses by a third person. Because of the difficulties in dissolution cases with the application of Ball,[6] we do not choose to extend it beyond its present scope.
Therefore, the normal rule concerning construction of deeds should apply here: the deed's form creates a presumption that a gift to both was intended.[7] To overcome this presumption, the person challenging the effect of the deed must come forward with evidence or testimony that there was no gift to the grantee.[8] Here the testimony of Mr. Hurst failed to rise to this level. He now regrets putting the deed in joint names, but he was unable to testify he did not intend a conveyance to both when he executed the deed. His intent at that time, not six years later, is the critical factor.
AFFIRMED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975); cf. Ferguson v. Ferguson, 243 So.2d 439 (Fla.3d DCA), cert. denied, 247 So.2d 325 (Fla. 1971) (Wife was awarded $1.00 per year alimony where she was in need of financial assistance but husband was not financially able to pay adequate amount for alimony).
[2] Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Chayka v. Chayka, 361 So.2d 430 (Fla. 4th DCA 1978), cert. denied, 367 So.2d 1122 (Fla. 1979).
[3] George v. George, 360 So.2d 1107 (Fla.3d DCA 1978).
[4] Munger v. Munger, 249 So.2d 772 (Fla. 4th DCA 1971).
[5] The deed to the parties was never delivered to them; they paid no taxes on the real estate and the acreage continued to be used as part of the family farm. Mr. and Mrs. Hurst continued to live on the farm, and believed they had a right to do so for Mr. Hurst's lifetime. In another proceeding to which the Hursts are parties, these facts may call into question the effectiveness of the gift to the parties. In this case we do not reach that question.
[6] Wright v. Wright, 388 So.2d 1319 (Fla. 5th DCA 1980); Marsh v. Marsh, 399 So.2d 433 (Fla. 5th DCA 1981) (Cowart, J., dissenting).
[7] Atkins v. Atkins, 326 So.2d 259 (Fla. 4th DCA 1976).
[8] Lieber v. Lieber, 40 So.2d 111 (Fla. 1949); Lindquist v. Lindquist, 351 So.2d 391 (Fla.2d DCA 1977); Maryea v. Maryea, 320 So.2d 882 (Fla.2d DCA 1975).