409 So.2d 143 (1982)
Patricia MULLINS, Appellant,
v.
Charles Albert MULLINS, Appellee.
No. 81-837.
District Court of Appeal of Florida, Fourth District.
January 27, 1982.
Frank J. Lynch, Jr., of McCain & Lynch, Fort Pierce, for appellant.
Rupert Jasen Smith, Fort Pierce, for appellee.
HURLEY, Judge.
The question posed by this appeal is whether the trial court possessed subject matter jurisdiction to entertain a petition for additional alimony when the petition was filed after the expiration of the initial alimony period. Since the final judgment of dissolution expressly retained jurisdiction to award alimony in the future, we answer in the affirmative.
Appellant (ex-wife) and appellee (ex-husband) were divorced in the Circuit Court in Broward County in 1975. The court awarded periodic rehabilitative alimony for three years to the ex-wife, and expressly reserved jurisdiction to award future alimony after the period of rehabilitative alimony expired. The husband did not appeal those provisions and, thus, they are not at issue today.
Two years after the ex-husband satisfied his obligation to pay rehabilitative alimony, the ex-wife sought periodic permanent alimony based on a change of circumstances brought about by her apparent need of extensive medical treatments. Attempting to invoke the court's jurisdiction which had been expressly reserved, she filed a motion to modify the final judgment in the Circuit Court for the Nineteenth Judicial Circuit which encompasses St. Lucie County, her present county of residence. The ex-husband does not dispute that the Circuit Court in the Nineteenth Judicial Circuit is the proper court, if any, in which to file such a motion pursuant to Section 61.14, Florida Statutes (1981).
*144 The trial court concluded that it lacked subject matter jurisdiction to entertain the ex-wife's motion. The court entered a final judgment in which it "decline[d] to take jurisdiction ... in spite of the reservation of jurisdiction over alimony ... due to the fact that the rehabilitative alimony period ended [before the ex-wife filed her motion, and because] the husband was not in arrears at the time said rehabilitative alimony period ended... ." The ex-wife appeals the court's refusal to exercise its jurisdiction.
The law is settled that a trial court can reserve jurisdiction to award future alimony. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980); Chayka v. Chayka, 361 So.2d 430, 431 (Fla. 4th DCA 1978), cert. denied, 367 So.2d 1122 (Fla. 1979). Furthermore, the Fifth District has recently held that, in a proper case, jurisdiction to award future alimony can be reserved for an indefinite period. Moore v. Moore, 401 So.2d 841 (Fla. 5th DCA 1981). Here, the final judgment of dissolution contained an express reservation of jurisdiction to award alimony in the future. Therefore, the court possessed subject matter jurisdiction and was obligated to consider the merits of the ex-wife's motion to modify.
This decision and that of our sister court in Moore v. Moore, supra, underscore the critical significance of a reservation or retention of jurisdiction clause. It should be an integral part of the formula to achieve equity between the parties. Thus, it must be tailored to the needs of the case and be drafted with the same precision as other provisions in the final judgment; it should not contain patent ambiguities or be treated as boiler plate. Moreover, if a party wishes to question a reservation of jurisdiction, it must be done at the time of the initial judgment.
We reverse and remand for further proceedings consistent with this opinion.
ANSTEAD and BERANEK, JJ., concur.