PER CURIAM.
We reverse the trial court’s finding of a special equity for the husband in the former marital abode, which finding was grounded in the fact that the husband’s parents had conveyed the property to husband and wife jointly. Without more, such a conveyance constitutes an equal gift to the joint grantees and cannot form the basis for a special equity in subsequent dissolution proceedings. Manley v. *533 Manley, 360 So.2d 489 (Fla. 4th DCA 1978). See also Moore v. Moore, 401 So.2d 841 (Fla. 5th DCA 1981). Because the ability of the husband to pay child support, the manner of its payment and the security therefor will be affected by our reversal on this point, the trial court, upon remand, will be required to take further evidence to determine the employability of the husband, the extent of his assets and ultimately his ability to pay and secure child support.
We also disagree with the trial court’s determination that the wife was not entitled to a special equity in the balance of the jointly held certificate of deposit, the funds for which came from the sale of property belonging to the wife’s father. We are not prepared to say, however, that the ultimate scheme of distribution could not be justified under other equitable principles and we therefore do not reverse on that point.
Except as originally indicated, we affirm the final judgment.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, and WALDEN, JJ., and FLEET, J. LEONARD, Associate Judge, concur.