RYDER, Chief Judge.
On December 29, 1983, Barbara Wade filed a petition for dissolution of her marriage with Robert Wade. At the time of filing, the wife and husband were respectively thirty-five and thirty-seven years old; the parties had been married fifteen years; and had two minor children. The husband is a real estate agent and broker, and owns his own real estate company. The company has been successful in the past. However, since 1979 the company’s income has steadily and significantly declined. The wife has a history of psychiatric problems, and will continue to undergo her treatment of both therapy and medication.
Such marital circumstances were considered and reviewed by the trial court at *84 the hearing in November of 1984. Thereafter, the court entered a final judgment dissolving the marriage and ordered that the husband be given custody of the children with full financial responsibility for their support; the husband to pay one-half of the wife’s attorney’s fees; the husband to pay the wife a lump sum alimony of $14,500.00; the husband to pay rehabilitative alimony for a period of sixty months in the amount of $650.00 per month; that the husband be given exclusive rights and possession of the Pointe Royale condominium unit subject to its ownership expenses, and the wife be given exclusive rights and possession of the Provincetown condominium unit subject to its ownership expenses. In this regard, the court specified that these two condominium units shall be jointly owned by the parties as tenants in common with each owning an undivided one-half interest; the partition of these condominium units subject to the parties having twelve months to sell them, after which a forced sale will take place if not previously sold. Further, the court ordered the husband to provide wife medical insurance coverage for the period of time he is obligated to pay rehabilitative alimony and that the 1982 and 1983 real estate taxes on the Pointe Royale condominium shall be paid by husband, and then he shall be reimbursed from wife’s entitlement to lump sum alimony. Lastly, the court reserved jurisdiction over all issues of the final judgment of dissolution of marriage, which included those described above.
The wife appeals the judgment. She alleged that she is not able to become financially self-supporting, therefore, the trial court erred in determining that the husband should pay only rehabilitative alimony to her rather than permanent alimony. She also alleged that because health and medical insurance coverage is a necessity for her in the future and it was a marital benefit, and thus, the husband should be responsible for this provision indefinitely. Finally, the wife alleged that the husband is more able to pay the wife’s attorney’s fees and the 1982 and 1983 back taxes, and, therefore, the husband should pay all of the wife’s legal fees as well as the back taxes.
Upon careful consideration and review of the dissolution circumstances, we hold that the judgment does not exhibit an abuse of the trial court's discretion since “reasonable men could differ as to the propriety of the [judgment].” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). We, therefore, affirm the order appealed. We do, however, interpret the court’s jurisdictional reservation over the dissolution matters (paragraph 12 of the final judgment), particularly the issue of rehabilitative alimony to mean that such reservation is for an indefinite period of time and not limited until the rehabilitative alimony period expires.
Affirmed.
CAMPBELL and HALL, JJ., concur.