SCHOONOVER, Judge,
dissenting.
I respectfully dissent.
Absent a valid reservation of jurisdiction, the trial court has jurisdiction to entertain a petition for modification only so long as the spouse’s obligation to make payment of rehabilitative alimony is executory in whole or in part. Lee; see also, Brown v. Brown, 338 So.2d 916 (Fla. 2d DCA 1976); Elkins; § 61.14, Fla.Stat. (1983). Here, the husband had completely performed all that was required of him under paragraph seven of the final judgment. Therefore, a valid clause reserving jurisdiction was required in order for the trial court to entertain a petition for modification filed past the expiration of the alimony period. In view of its critical significance, such a clause “must ... be drafted with the same precision as other provisions in the final judgment; it should not contain patent ambiguities....” Mullins v. Mullins, 409 So.2d 143 (Fla. 4th DCA 1982). The majority interprets paragraph seven as a reservation of jurisdiction to determine the need for an extension of rehabilitative alimony *777 at or after the end of the period. I would interpret it as requiring a motion for extension to be filed at or before the end of the period.
If the court intended to reserve jurisdiction to consider the wife’s need for additional rehabilitation after the time for it had been terminated by performance, it could have expressly done so. See Wade v. Wade, 484 So.2d 83 (Fla.2d DCA 1986); but see, Durden v. Durden, 137 So.2d 29 (Fla. 2d DCA 1962) (provision retaining jurisdiction “to resolve issues between the adult parties litigant” ruled too broad). It instead specifically reserved jurisdiction only, in paragraph four, to rule on who would be awarded specific items of personal property contained in the marital home if the parties could not agree and, in paragraph seven, to extend rehabilitative alimony. “To extend means to stretch out or draw out or to enlarge a thing. It implies something in existence. Extend is a transitive verb, requiring an object.” Schlosser Leather Co. v. Gillespie, 157 Tenn. 166, 6 S.W.2d 328 (1928). The object of the extension in paragraph seven is the two year period for rehabilitation. The two year period having elapsed, there was nothing to extend and no period to prolong.
Considering the nature and purpose of rehabilitative alimony, see, e.g., Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976), I would interpret paragraph seven to mean that if rehabilitation is not achieved as the prescribed period draws to a close, the wife should seek to have the period extended. I would not interpret the clause to mean that she should wait until the period has totally terminated and then seek within a reasonable time to have it reinstated. The reservation of jurisdiction contained in paragraph seven was nothing more than an attempt, as our supreme court suggested in Kosch v. Kosch, 113 So.2d 547 (Fla.1959), to be cautious and specifically reserve the jurisdiction to modify that is granted to the court by section 61.14.
I, accordingly, would affirm.