ERVIN, Judge.
Appellant, the husband, raises three issues on appeal of this final judgment of dissolution of marriage. We affirm as to issue one without discussion, reverse and remand as to issue two, decline to address issue three, as it was not dealt with in the judgment appealed from, and remand with directions.
*967 As to issue two, the trial court found a special equity for the wife in the value of land on which the marital residence is located. The land had been conveyed to the husband and wife as tenants by the entirety, by the wife’s parents, who retained therein a life estate. We reverse, because the mere conveyance of real property from one spouse’s parents to a marital couple does not thereby create a special equity in the property, upon the subsequent dissolution of the marriage. See Brancolino v. Carretta, 463 So.2d 532 (Fla. 4th DCA 1985); Moore v. Moore, 401 So.2d 841 (Fla. 5th DCA 1981); Manley v. Manley, 360 So.2d 489 (Fla. 4th DCA 1978). “Without more, such a conveyance constitutes an equal gift to the joint grantees and cannot form the basis for a special equity_” Brancolino, 463 So.2d at 532. Before one may overcome the presumption that a gift was intended, “the person challenging the effect of the deed must come forward with evidence or testimony that there was no gift to the grantee.” Moore, 401 So.2d at 843. In the instant case, in that there is no evidence in the record regarding the intent of the donors’ transference of the property to the husband and wife, we conclude that the wife failed to overcome the presumption that a gift to both the husband and wife was intended.
The husband, in the third issue on appeal, argues that the land in question should not be awarded to the wife as lump sum alimony. Although the wife in her dissolution petition requested exclusive ownership and possession of the marital home as either lump sum alimony or as a special equity, the trial court did not address the issue of lump sum alimony in its judgment. Therefore, we decline to address this issue.
The lower court is not, however, precluded on remand from, in its discretion, conducting further proceedings in order to determine whether the husband’s interest in the land should be awarded to the wife as lump sum alimony, or under any other equitable principle.
AFFIRMED in part, REVERSED in part and REMANDED.
WIGGINTON and BARFIELD, JJ., concur.