## COSTELLO v COSTELLO
### Case No. 88-507 FS
Nineteenth Judicial Circuit, Martin County
March 30, 1989

### APPEARANCES OF COUNSEL

**Karen O'Brien Steger,** Steger & Steger, P.A., for wife.
**K. Dian Fedak,** for husband.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE*

THIS MATTER came before the Court for final hearing on March 17, 1989, upon the husband' Petition for Dissolution of Marriage and the wife's Counterpetition for Dissolution of Marriage, and the Court having heard the evidence hereby finds and determines:

A. That the marriage between the parties is irretrievably broken and should be dissolved.

B. That the parties are before the Court primarily seeking distribution of the marital assets and distribution of the marital liabilities.

C. That the Court finds that there are no minor children born of the marriage and none are contemplated.

D. That the evidence reveals that the parties were married on July 24, 1982. At the time of the marriage, the husband was completing his chiropractic education in Pennsylvania. Subsequent to the parties' marriage, the couple lived with the husband's parents while he continued in chiropractic school. The wife, during this period of time, was employed full-time as a dental assistant, and she paid for the couple's expenses, including nominal rent to the husband's parents. The evidence further showed that the wife's entire income went for the support of the couple while the husband was a full-time student.

In September of 1982, the husband completed his education and successful sat for the New Jersey Chiropractic Exam in November of that same year. Although Dr. Costello successfully passed the chiropractic exam in November of 1982, he did not receive his license due to the fact that the school he had attended was not accredited. During the period of time from November of 1982 through June of 1983, the couple resided with the husband's parents and the husband worked in his father's business earning approximately $125.00 per week. The wife, during this period of time, worked full-time and contributed her entire income to the expenses of the marriage.

In June of 1983, the couple moved to South Carolina and the husband received a tuition only scholarship that permitted him to complete his education at an accredited chiropractic institution. The husband took out a student loan to assist in paying for clinical expenses, books, and lab fees. The wife, with the exception of a two-month period of time, worked full-time as a dental assistant and contributed her entire income to pay for the marital expenses, including rent, utilities, food, entertainment and was the primary breadwinner in the family.

In April of 1985, the husband completed his education and the couple moved to Florida. The couple resided with the wife's parents while the husband studied for his Florida Boards. The wife worked full-time as a dental assistant and continued to be the sole support of the family. In July of 1985, the husband received his chiropractic license and launched his practice aided by his father. Dr. Costello obtained a line of credit to finance the business as Jupiter Chiropractic Center, Inc., and the wife signed on the line of credit and remains obligated for payment of said line of credit with Florida National Bank.

During the initial years of 1985, 1986 and 1987, the practice

struggled, and the wife continued to contribute primarily to the support of the couple. In 1988, the practice began to show a profit. During this entire period of time, the wife worked full-time as a dental assistant and contributed her entire income to the marriage.

In July of 1985, after moving to Florida, the couple purchased a home in Hobe Sound, Florida. The down-payment of $5,500.00 was provided by the husband's father. The father, Joseph Costello, Sr., testified that this amount as well as other funds were provided for the home furnishings and the Honda automobile were loans and not gifts. No evidence in the form of notes or security agreements corroborates this contention. This Court, in accordance with the rationales advanced in *Williams v Williams,* 497 So.2d 966 (Fla. 1st DCA 1986) and *Brancolino v Carretta,* 463 So.2d 532 (Fla. 4th DCA 1985) finds and determines that the foregoing funds and household items were gifts to the couple jointly. This conclusion is further buttressed by the evidence that the father of the wife also assisted the husband in the preparation of his office in Hobe Sound. The wife's parents also provided the couple with a place in their home when the couple came to Florida in April of 1985. The Court is convinced that the evidence supports a conclusion that the parents of each were, as all devoted parents should, attempting to help the couple successfully launch the marriage and the husband's practice.

Factually what emerges is a marriage now broken in which one of the partners, more particularly Dr. Costello, has a potential for income far in excess of that of the wife. This potential is however due to the efforts of the wife. Simply fairness demands that the wife be compensated for these efforts when the assets of the marriage are distributed.

The District Courts of Appeal generally take the position that marital property should be divided equally. *Berger v Berger,* 464 So.2d 649 (Fla. 4th DCA 1985). However, the facts in this particular case based on the evidence is clearly not the general case, and therefore, this Court concludes that the distribution of the marital home, automobile, furnishings and other marital assets should be controlled by the principles enunciated in *Robertson v Robertson,* 473 So.2d 24 (Fla. 4th DCA 1987). In view of the wife's contribution to the marriage, the husband's earning capacity, and the equities previously noted by this Court, it is

ORDERED AND ADJUDGED as follows:

1. That the wife is awarded the marital home located at 7774 SE Lanham Street, Hobe Sound, Florida, more particularly described as:

78

EASTRIDGE ESTATES, PHASE 2, LOT 22, BLOCK F, Martin County, Florida.

The wife shall be responsible for the mortgage payment and shall indemnify the husband from any responsibility therefore. The husband shall execute all documents necessary to transfer said marital home to the wife within ten days of the entry of this Final Judgment of Dissolution of Marriage. If the husband fails to execute a quitclaim deed to the marital home, this Final Judgment shall operate to convey all of the husband's right, title and interest in said marital home as above described to the wife as her sole and separate property.

2. That the Court further awards to the wife all of the furniture, furnishings and personal property contained in the marital home. Said furniture and furnishings shall become the wife's sole and separate property.

3. That the Court awards to the wife the 1987 Honda automobile. The wife shall be responsible for payment of said Honda automobile and shall indemnify the husband from any responsibility therefore. The husband shall execute any documents necessary in order to transfer title to the Honda automobile to the wife.

4. That the Court awards to the husband the chiropractic practice known as Jupiter Chiropractic Center, Inc. and same shall become his sole and separate property. The wife shall execute any documents necessary to transfer her interest in the stock in said corporation to the husband. If the wife should not execute the stock certificates within ten days of the entry of this Final Judgment, this Final Judgment shall operate to transfer all the wife's right, title and interest in said corporation to the husband.

5. That the husband shall pay all the indebtedness of the chiropractic practice and shall indemnify the wife from any responsibility therefore.

6. There are several credit card bills. The husband shall be solely responsible for the Visa, MasterCard, Optima and Lord & Taylor credit card debts and shall indemnify the wife from any responsibility therefore.

7. That the Court further finds that in view of the general equities, the distribution now made and the relative financial abilities of the parties, the wife is awarded the sum of $2,500.00 in attorney's fees payable to Steger & Steger, P.A., Florida National Bank Building, Suite 310, 301 East Ocean Boulevard, Stuart, Florida 34994, within thirty days of the entry of this Final Judgment of Dissolution of Marriage. This sum of money represents one-half of a reasonable attorney's fee as set forth by the testimony contained herein.

8. That the parties have stipulated and agreed that the wife shall have ownership of Sasha the cat. The husband shall execute any documents necessary to transfer his interest in Sasha the cat to the wife.

9. That the Court hereby reserves jurisdiction over the parties and over all matters contained in this Final Judgment as permitted by law for purposes of enforcement.

DONE AND ORDERED at Stuart, Martin County, Florida this 30th day of March, 1989.