W. SHARP, Judge.
Rita Barko appeals from a final order which modified a final judgment of dissolution and terminated all alimony payments to her. The trial judge also denied her request to retain jurisdiction. The record contains sufficient evidence to support the termination of alimony under the present circumstances. However, it was error for the trial judge to fail to retain jurisdiction and on this point we reverse.
The question of reserving jurisdiction in a dissolution proceeding is within the trial court’s discretion. Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983). But, if the facts or circumstances demonstrate that a change in circumstances in the future is likely that will affect either the need for, or ability to pay alimony, the court should retain jurisdiction. Brown; Hunt v. Hunt, 394 So.2d 564 (Fla. 5th DCA 1981); Mumm v. Mumm, 353 So.2d 134 (Fla. 3d DCA 1977); Roberts v. Roberts, 283 So.2d 396 (Fla. 1st DCA 1973); Reed v. Reed, 244 So.2d 449 (Fla. 1st DCA 1971).
In this ease it was uncontroverted that the former husband will be eligible for social security benefits in the near future. Taken together with his pension income and the support provided him by his present wife, it appears appellee’s financial circumstances likely will improve with the addition of social security so as to enable him to pay alimony to appellant. Appellant had previously demonstrated and established a need for permanent alimony; and the record here did not show she no longer needs support from appellee, if he is able to pay it. Accordingly, the trial court’s failure to retain jurisdiction constitutes an abuse of discretion.
REVERSED and REMANDED.
ORFINGER, M., Associate Judge, concurs.
COBB, J., dissents without opinion.