ERVIN, Judge.
Perla Graff, the former wife, appeals from a final judgment of dissolution of marriage, arguing that the court erred in refusing to equitably distribute certain assets of the parties. We reverse only as to the issue regarding the failure of the trial court to award the wife a portion of the appreciated value of the marital home caused by inflation or market conditions and certain improvements made on the home during the marriage. We otherwise affirm.
Although we do not fault the trial court’s determination that the marital home was not a marital asset subject to equitable distribution,[1] we agree with the wife that the lower court erred in failing to award her a portion of the appreciated value of the marital home. As this court has recognized, the increased value of an asset solely owned by one spouse before marriage may be determined a marital asset subject to equitable distribution if the increased value was the result of either the work efforts of one or both spouses or the expenditure of marital funds or earnings of the parties. Crapps v. Crapps, 501 So.2d 661, 665 (Fla. 1st DCA), review denied, 511 So.2d 297 (Fla.1987). Accord Sanders v. Sanders, 492 So.2d 705 (Fla. 1st DCA 1986).
In the case at bar, the husband testified that he purchased the home prior to the marriage for $48,000, and that the value of the home at the time of the final hearing was approximately $100,000 to $110,000. The wife testified without contradiction that substantial improvements were made upon the marital home, including the construction of a pool and replacement of the roof. Because the improvements to the home were purchased with money the husband earned during the marriage, and mortgage payments on the house were made from the parties’ joint checking account, the improvements and mortgage payments must be considered as having enhanced the value of the home through the marital labor of one or both spouses.
Consequently, a portion of the appreciated value of the marital home and the increased equity therein should be considered a marital asset. Therefore, that portion of the final judgment awarding the wife’s interest in the marital home to the husband must be reversed and the cause remanded to the trial court with directions that it determine the appreciated value of the home, and thereafter make an equitable distribution of such increased value. We find no error in the court’s distribution of the remaining assets to the parties.
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
NIMMONS and ALLEN, JJ., concur.

. The husband purchased the home in his own name prior to the marriage, and, approximately 13 years following the marriage, deeded the house and lot to the parties as joint tenants by the entireties for survivorship purposes only.