605 So.2d 1316 (1992)
Patricia Deanne STRAHAN, Appellant,
v.
Grant Donald STRAHAN, Appellee.
No. 91-1416.
District Court of Appeal of Florida, Fourth District.
October 14, 1992.
Victoria L. Semora, Hollywood, for appellant.
Perry W. Hodges, Jr., of Law Offices of Perry W. Hodges, Jr., Fort Lauderdale, for appellee.
DOWNEY, Judge.
The former wife appeals a final judgment of dissolution contending that the trial court erred in failing to award the wife alimony in any form and in assessing the husband's ability to pay solely on his ability to pay on the date of the final hearing.
Under the circumstances of this case, we find no reversible error demonstrated with the possible exception of the court's failure to reserve jurisdiction to consider the wife's entitlement to alimony in the future.
The parties had both been employed by Eastern Airlines, but were laid off due to the eventual bankruptcy of the company. The husband earned over twice as much as the wife during said employment, but at the time of this proceeding neither was employed nor had had any success in finding other employment. Because of that fact, together with the lack of any substantial assets to warrant alimony, we cannot fault the trial court for refusing to make such an award. However, this was a long-term marriage and the husband appears to have a superior earning capacity. Therefore, we believe the wife may be entitled to an award of alimony in the future, should circumstances change and demonstrate the appropriate need and ability.
Accordingly, we affirm the judgment appealed from in all respects except as to the failure to specifically reserve jurisdiction to award any alimony in the future, if justified, and remand the cause with directions to amend the judgment to expressly so provide. In doing so, we acknowledge that the judgment contains a boiler-plate reservation of jurisdiction to do all things that the court deems just and equitable. Nevertheless, in an abundance of caution we direct the court to reserve jurisdiction specifically for the purpose of awarding future alimony. See Mullins v. Mullins, 409 So.2d 143 (Fla. 4th DCA 1982).
GUNTHER and POLEN, JJ., concur.