606 So.2d 1267 (1992)
Clara Mae YOUNG, Appellant,
v.
Clifford Cole YOUNG, Appellee.
No. 91-4006.
District Court of Appeal of Florida, First District.
October 29, 1992.
*1268 Judith W. Hawkins of Judith W. Hawkins, P.A., Tallahassee, for appellant.
Gary L. Printy of Douglass & Powell, Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Clara Mae Young, attacks a final judgment of dissolution of marriage, contending that (1) the court inequitably distributed 23.05 acres of real property which the parties were deeded jointly by the estate of the mother of appellee, Clifford Young; (2) the court erred in awarding the former husband a special equity in virtually all of the marital home; (3) the court erred in awarding the former husband a special equity in a lot on Jenkins Street; (4) the court erred in declining to award the wife alimony; and (5) the court erred in denying appellant's motion for rehearing. We reverse and remand for further proceedings.
In its judgment of dissolution, the court concluded that 23.05 acres of unimproved property which the parties received by executor's deed as an inheritance from the husband's mother was his separate property; that the marital home which appellee owned prior to the marriage, valued at $25,000, was also the husband's separate property, with the wife having a special *1269 equity interest therein of $1,500; that a residential lot on Jenkins Street which appellee owned before the marriage was the husband's separate property; and that 23.05 acres of improved property the parties jointly received from appellee's sister was marital property, the wife's interest therein valued at $28,812.50. The court awarded to the wife the sum of $412.50 and possession and ownership of the marital home, including its contents and furnishings, and to the husband, ownership and possession of the two tracts of property, totaling 46.10 acres, and the Jenkins lot. The court, moreover, denied the wife's claim for alimony and directed each party to pay his or her own attorney's fees and costs. The wife moved for a rehearing on the ground that the acreage distributed was worth more than the values relied upon by the court. The court denied the motion.
Our decision in this case requires consideration of Section 61.075, Florida Statutes (1989), providing:
(3) As used in this section:
(a) "Marital assets and liabilities" include:
* * * * * *
2. The enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both;
* * * * * *
5. All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity.
(b) "Nonmarital assets and liabilities" include:
1. Assets acquired and liabilities incurred by either party prior to the marriage, and assets acquired and liabilities incurred in exchange for such assets and liabilities;
2. Assets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets[.]
We conclude that the trial court erred in determining that the 23.05 acres which the executor of the mother's estate deeded jointly to the parties is the separate property of the husband. It is well settled that a spouse is not entitled to a special equity in real property based simply upon proof that a spouse's parents conveyed real property to a marital couple. Thomas v. Thomas, 534 So.2d 805 (Fla. 1st DCA 1988); Williams v. Williams, 497 So.2d 966 (Fla. 1st DCA 1986); Moore v. Moore, 401 So.2d 841 (Fla. 5th DCA 1981); Manley v. Manley, 360 So.2d 489 (Fla. 4th DCA 1978). The following statement made by the lower court during the hearing is therefore not a correct interpretation of the law: "And with him being the heir, in that instance then it would have been incumbent having made that showing, for then the wife to come forward and establish that the gift was intended of that particular piece of property. And the record would not support such an establishment." On the contrary, because the parties held the property as tenants by the entireties, the statutory burden was on appellee  not appellant  to show that his mother had not intended to convey the property as a gift to him and his wife. Robertson v. Robertson, 593 So.2d 491, 494 (Fla. 1991). Section 61.075(3)(a), (5), effective October 1, 1988, applies to all proceedings commenced after the effective date of the act. Ch. 88-98, §§ 4, 8, Laws of Fla. In that the proceeding at bar was commenced following the effective date of the statute, the amended statute applied and had the effect of repealing the "no gift" presumption adopted in Ball v. Ball, 335 So.2d 5 (Fla. 1976), which the lower court apparently relied upon in placing the burden upon the wife to establish that a gift to the husband and wife was intended *1270 as a result of the property being deeded to both jointly.
The husband testified that each of his brothers and sisters received a similar share of property from their parents' estates; that he did not know it was titled jointly; that he assumed the two names on the deed "was the way it was supposed" to be; that the lawyer "fixed up the whole thing that way"; and that "my mother give that to me like she gave to the rest of these children." His brother-in-law testified that he deeded similar property which had been conveyed to him and his wife to his wife because he believed the property from her mother should belong to her. Alida Young, appellee's sister, testified that her 23.05 acres was her inheritance from her parents. None of these statements constitutes competent, substantial evidence rebutting the statutory presumption that real property held by the parties as tenants by the entireties is a marital asset. Cf. Robertson v. Robertson.
Because the former husband failed to carry his burden of proof under section 61.075(3)(a), (5), we reverse on this point and remand with directions for the court to include as a marital asset within its equitable distribution of the parties' property the 23.05 acre-tract deeded jointly to both. Our decision as to this issue makes it unnecessary for us to reach the remaining issues, as we direct the trial court on remand to reconsider the entire distribution scheme for the purpose of doing equity and justice to both parties. See Sweeney v. Sweeney, 583 So.2d 398 (Fla. 1st DCA 1991); McMahan v. McMahan, 567 So.2d 976 (Fla. 1st DCA 1990). Nevertheless, we briefly address appellant's second issue on appeal.
Regarding the lower court's determination that the marital home was the husband's separate property, subject to the wife's special equity, we acknowledge that the record clearly establishes that the former husband solely owned this property before the marriage. Yet the evidence also discloses that during the marriage marital funds were used to make significant improvements to the home. The roof was replaced twice; a garage, bathroom, kitchen cabinet, kitchen sink, dishwasher, yard fence, and two interior doors were added. Two rooms were fully carpeted, and the interior of the house was painted. This court has held that a trial court errs in refusing to distribute equitably the appreciated value of the marital home caused by inflation, market conditions, or improvements made on a residence during the marriage, even though the home may itself be the separate property of one spouse. Graff v. Graff, 569 So.2d 811 (Fla. 1st DCA 1990), review denied, 581 So.2d 1308 (Fla. 1991); Massis v. Massis, 551 So.2d 587 (Fla. 1st DCA 1989); Crapps v. Crapps, 501 So.2d 661 (Fla. 1st DCA), review denied, 511 So.2d 297 (Fla. 1987). Accordingly, we conclude that the trial court on remand should revisit the issue of whether the wife is entitled to a share of the appreciated value of the marital residence if she is able to establish its enhanced value.
The record before us discloses that the trial judge was fully cognizant of the above rule, but that he declined to distribute equitably the increased value of the home to the wife because the wife had not established how much the improvements enhanced the value of the property. The burden was not the wife's, but the husband's. Once the wife established that marital funds or labor were used to make the improvements to the home, it was the husband's burden to show whether any part of the enhanced value was exempt from distribution because "unrelated to either marital party's management, oversight, or other contribution, but instead due solely to purely passive appreciation of the original asset." Sanders v. Sanders, 547 So.2d 1014, 1016 (Fla. 1st DCA 1989).
In that the entire equitable distribution scheme must be revisited by the lower court by reason of our disposition of the first issue, we remand the cause with directions to the court to equitably distribute *1271 the enhanced value of the marital home, after permitting appellee to present evidence of any appreciated value that was purely passive.
REVERSED and REMANDED for further proceedings.
MINER and WOLF, JJ., concur.