PER CURIAM.
In this appeal from a final order of marital dissolution, we affirm all points except those relating to the trial court’s errors in equitably distributing the parties’ real property and mobile home, and in allocating the liability remaining on the wife’s automobile without allowing the husband credit for the post-separation pay *1262 ments he had made on the vehicle. As to these two issues we reverse, and, because our reversal may affect the lower court’s overall distribution of the marital assets between the parties, we remand with directions that the court revisit its entire equitable distribution scheme. See Young v. Young, 606 So.2d 1267 (Fla. 1st DCA 1992).
In regard to the allocation of the real property, the record discloses that the parties owned a 27.89-acre parcel valued at $33,500, and a 17.21-acre parcel, including the marital home (a mobile home), which was alternately appraised at either $59,000 or $60,615. In distributing the latter property, the court awarded the wife the mobile home, to which it assigned a value of $25,815, and 10.6 acres of the 17.21-acre tract, valued at $16,020, for a total amount of $41,835. The remaining 6.61 acres, and all of the 27.89-acre-parcel, valued together at $43,263, were ordered conveyed to the husband. The court’s distributions, however, contain mathematical errors affecting the total amounts transferred to each party, thereby requiring reversal and remand.
Regarding the 17.21-acre tract, the only evidence of its value was that of a court-ordered appraisal, which included two alternative methods of assessment: one, a sales-comparison approach, and the second, a cost approach. Using a sales comparison of similar properties, the appraiser found that the value of the property was $59,000. This means of calculation did not, however, separately assign the cost of the mobile home from that of the real property, but the appraiser did do so by the use of the cost approach. In it, the total value of the property was listed as $60,615, with the mobile home appraised at $34,800 and the land at $1,500 per acre, or $25,815. As is apparent from the recitation of the order, the court mistakenly used the latter figure as the value of the mobile home instead of the land. By applying the sales-comparison approach, one could subtract the $25,815 value of the land from the total appraised value of $59,000, and reach a value of $33,185 for the mobile home. By adding the value of the wife’s 10.6 acres, at $1,500 per acre, or $15,900, to that of the mobile home ($33,185 or $34,800), the total value of the property conveyed to the wife should be either $49,085, or $50,700, depending on the method of appraisal, rather than that ordered, $41,835. The trial court should therefore review the distribution of such property in order to achieve a just and fair equitable division.
The lower court also erred in allocating liability of $13,312 for the 1999 Crown Victoria automobile to the wife. The loan document discloses that the above sum was the balance owed on the vehicle on January 26, 2001, shortly after the parties had separated. The husband testified the wife should receive the car, and he was willing to continue making payments on it. The wife’s testimony was consistent, saying that the husband made all of the payments on the vehicle as of the date of the hearing, as well as those on the automobile’s insurance during the year following their separation, and that she understood he was willing to complete the remaining payments. Consequently, there is no record support for the trial court’s allocation of this liability to the wife.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, BOOTH and KAHN, JJ„ concur.