PER CURIAM.
Mark Matthew Herman appeals from a final judgment of dissolution of marriage. He contends that the trial court abused its discretion in indefinitely reserving jurisdiction to award alimony. We agree and reverse this portion of the judgment.
The parties were married in 1998 and separated approximately three and one-half years later, in August 2001. The petition for dissolution of marriage was filed in 2002. At the time of the final hearing, the former wife stipulated that she was not requesting a present award of alimony. Instead, she requested an indefinite reservation of jurisdiction to award alimony because of her kidney disease that was diagnosed during the marriage. The trial court found that there was a reasonable probability that she would have medical problems in the future and would be in need of support, and that the former husband would have the ability to pay. The court reserved jurisdiction on alimony for an indefinite amount of time.
The trial court’s decision to reserve jurisdiction to award alimony is reviewed for an abuse of discretion. Shaw v. Shaw, 334 So.2d 13, 16-17 (Fla.1976). The general rule is that the court should retain jurisdiction when there is a likelihood of a change in circumstances in the future that would warrant an award of alimony. Brown v. Brown, 440 So.2d 16, 19 (Fla. 1st DCA 1983); Barko v. Barko, 557 So.2d 932, 933 (Fla. 5th DCA 1990).
We find no error in the trial court’s decision to reserve jurisdiction, but, because this case does not involve a potential claim for permanent alimony, jurisdiction should not have been reserved indefinitely. The parties are young and they separated after a relatively short marriage. The problem the trial judge was attempting to address by reserving jurisdiction is a special medical problem that will arise, if at all, within the next few years. Under these circumstances, it would be unfair to hold the former husband to the indefinite possibility of being required to pay alimony at some time in the future without any limitations.
Accordingly, we reverse the judgment to the extent that it contains an indefinite reservation of jurisdiction and remand the case to the trial court for a determination whether it is necessary to reserve jurisdiction, and, if so to establish a reasonable time limit on the reservation.
Affirmed in part and reversed in part.
BENTON, PADOVANO and HAWKES, JJ., Concur.