PER CURIAM.
Carter G. Hawkins appeals a final judgment partitioning real property, and Mary G. Hawkins cross appeals termination of her alimony. We affirm the final judgment, except insofar as it denies Mr. Hawkins’s request for an accounting as to the marital residence since January 30, 2002. On this issue only, we reverse and remand for further proceedings.
Upon dissolution of the parties’ marriage, they became joint tenants of what had been the marital residence. In the judgment under review, the trial court terminated alimony as of January 30, 2002. The trial court treated Mr. Hawkins’s tax, interest, mortgage, and maintenance payments made before that date as in the nature of alimony. We find no abuse of discretion in this treatment. For the period after January 30, 2002, however, the husband was entitled to “an accounting of funds [expended] for the [former marital] property.” See Bermudez Y Santos v. Bermudez Y Santos, 773 So.2d 568, 570 (Fla. 3d DCA 2000) (“The husband and mother also point out that in a partition proceeding it is necessary for there to be an accounting to determine whether each co-tenant has paid his or her proportionate share of the expenses of the property, and adjust the co-tenants’ accounts accordingly. That is correct. See Biondo v. Powers, 743 So.2d 161, 164 (Fla. 4th DCA 1999); Hernandez v. Hernandez, 645 So.2d 171, 173 (Fla. 3d DCA 1994).”). “Once that has been accomplished the parties can make such arguments as they deem appropriate on the fashioning of further relief in this case.” Id.
On cross appeal, Ms. Hawkins does not challenge the trial court’s decision to terminate Mr. Hawkins’s alimony obligation as of January 30, 2002, but does argue that the trial court improperly failed to retain jurisdiction to order alimony in the future, if circumstances change. Mr. Hawkins answers that the trial court did retain jurisdiction when it stated that “[t]he Court reserves jurisdiction over this cause to enforce or modify the terms of this Final Judgment as may from time to time become necessary.” We agree that this language was sufficient to retain jurisdiction on the issue of alimony. See Zoercher v. Zoercher, 114 So.2d 728, 731 (Fla. 2d DCA 1959) (holding that where divorce decree provided that the court retained jurisdiction “to make from time to time such orders as may from time to time become proper,” even though such language did not specifically refer to alimony, it was “sufficient to retain jurisdiction on the question of alimony”).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
BENTON, LEWIS, and THOMAS, JJ., concur.