KAHN, J.,
concurring in part and dissenting in part.
This case must be reversed on the reservation of jurisdiction as to alimony, but only because the trial court did not apply a temporal constraint to such reservation. Contrary to the statement of the majority, the judgment is not lacking in finality. As we stated in Herman v. Herman, 889 So.2d 128 (Fla. 1st DCA 2004):
The trial court’s decision to reserve jurisdiction to award alimony is reviewed for an abuse of discretion. Shaw v. Shaw, 334 So.2d 13, 16-17 (Fla.1976). The general rule is that the court should retain jurisdiction when there is a likelihood of a change in circumstances in the future that would warrant an award of alimony. Brown v. Brown, 440 So.2d 16, 19 (Fla. 1st DCA 1983); Barko v. Barko, 557 So.2d 932, 933 (Fla. 5th DCA 1990).
The Fifth District not only eschews requisite nominal alimony awards, but also expresses a clear preference against them. See O’Neal v. O’Neal, 407 So.2d 1011, 1011 (Fla. 5th DCA 1981) (adopting its position in Moore v. Moore, 401 So.2d 841, 842 (Fla. 5th DCA 1981) (urging that “trial courts expressly state their reservation of jurisdiction ... without resort to ‘nominal’ alimony awards” where record shows that spouse may require support “in the near or foreseeable future”)). Under similar circumstances, the Fifth District has also sanctioned an indefinite reservation of jurisdiction to award future alimony. See Moore, 401 So.2d at 842 (finding “no reason why the trial court should not be empowered to reserve jurisdiction indefinitely ... to make an alimony award” where the asking party fails to demonstrate “any present need for support”). We need not go as far as the Fifth District in countenancing an indefinite reservation of jurisdiction to uphold the course taken by the trial court in this case. Without denying the propriety of a grant of nominal alimony under appropriate circumstances, the foregoing cases stand for the proposition that such a method is sufficient, but not necessary, to reserve jurisdiction over a future alimony award. See Hawkins v. Hawkins, 895 So.2d 1155, 1156 (Fla. 1st DCA 2005).
Analogies to the deferral of child custody determinations, where the evidence presented makes the matter ripe for final determination, are unpersuasive. See Gruner v. Westmark, 617 So.2d 420, 421-22 (Fla. 1st DCA 1993) (noting that “there was extensive evidence presented to the trial court by both parties, so that a final determination could have been made”); Martinez v. Martinez, 573 So.2d 37, 40-41 (Fla. 1st DCA 1990) (holding the “child custody issue was properly before the court at the final hearing, [because] both *152 parties presented evidence on the children’s best interests assuming either party were designated the primary residential parent”). In Arthur v. Arthur, — So.3d —, —, 2010 WL 114532 (Fla.2010), moreover, the court determined merely that “review of a petition for relocation entails a best interests determination at the time of the final hearing,” which is to say only that the judge must not speculate as to potential changes in the relevant statutory factors — the holding does not foreclose on the authority of the trial court to defer its ruling when evidence of “best interests” is lacking.
The foregoing child custody cases are more like our decision in Manucy v. Yur-galewicz, where we held that “the order on appeal, which retains jurisdiction to determine personal property distribution in the event of a disagreement between the parties, is a nonfinal order.” See 906 So.2d 1227, 1227 (Fla. 1st DCA 2005). In Manu-cy, despite the presentation of evidence making the matter ripe for determination, the parties requested the trial court allow them to make a distribution of the marital assets without judicial assistance, thus forestalling finality and opening the door to serial appeals. See id. Here, with the health and employment status of both parties in doubt and subject to change with a fair degree of fluidity, the circumstances indicate that the trial court, working from the facts available at the time, would have struggled, at best, to make a meaningful determination on the question of alimony when initially confronted by the issue.
For these reasons, the trial court did not commit error by reserving jurisdiction on the question of alimony. Nevertheless, the matter must be remanded because jurisdiction “should not have been reserved indefinitely.” See Herman, 889 So.2d at 129. To the extent the majority opinion holds that a trial court always errs by reserving jurisdiction on alimony, I cannot agree. I see no reason to exalt form over substance by requiring, as an alternative to a reservation of jurisdiction, an award of “nominal” alimony, as in Biskie v. Biskie, 37 So.3d 970 (Fla. 1st DCA 2010).
I am, respectfully, unable to join in that part of the court’s opinion that apparently vacates the reservation of jurisdiction on child support. Neither party has even raised that issue in a brief. Because no one has posited a problem for us to resolve, we may be fixing something that is not broken.
I therefore concur that a limited remand is necessary. I do not agree with the remainder of the majority opinion and therefore must respectfully dissent in part.