610 So.2d 628 (1992)
Glenn John SAARE, Appellant,
v.
Dorothy Ruth SAARE, Appellee.
No. 92-123.
District Court of Appeal of Florida, First District.
December 15, 1992.
H. Leon Holbrook, III of Blalock, Holbrook & Akel, P.A., Jacksonville, for appellant.
W. Alan Winter, Jacksonville, for appellee.
*629 SMITH, Judge.
The husband appeals a final judgment of dissolution. We affirm without discussion the trial court's award of personal property and attorney's fees to the wife. Further, we agree that the trial court did not abuse his discretion in determining that the appreciation in value of the parties' marital home, titled solely in the husband's name, was a marital asset subject to equitable distribution and that this asset had the value of $20,000. § 61.075(3)(a)2., Fla. Stat. (1989); Young v. Young, 606 So.2d 1267 (Fla. 1st DCA 1992). However, because the trial court failed to make sufficient findings regarding the remainder of its equitable distribution plan to permit intelligent appellate review, we are compelled to reverse the remainder of the final judgment and remand for further proceedings.
Upon remand, the trial court shall identify the marital assets and non-marital assets. The enhancement in value and appreciation of non-marital assets resulting from the efforts of either party during the marriage or from the contribution or expenditure of marital funds constitute marital assets of the parties. Section 61.075(3)(a)2.; Crapps v. Crapps, 501 So.2d 661 (Fla. 1st DCA), rev. denied, 511 So.2d 297 (Fla. 1987); and Sanders v. Sanders, 492 So.2d 705 (Fla. 1st DCA 1986) appeal after remand 547 So.2d 1014 (Fla. 1st DCA 1989). Should the court determine that the husband is entitled to a special equity in some or all of the properties at issue below, the correct formula for computing such special equity is contained in Stefanowitz v. Stefanowitz, 586 So.2d 460 (Fla. 1st DCA 1991) and cases cited therein.[1]
This recitation of law should not be construed by the trial court or parties as a directive limiting the court to equitable distribution of marital assets. Upon remand, the trial judge shall not be precluded from choosing another remedy, such as lump sum alimony, to accomplish equity between the parties. As the remedies available to the trial court are interrelated, the trial court may revisit all the awards if necessary to achieve equity, including the award to the husband of a valuable membership in a local yacht club. See § 61.075(3)(a), Fla. Stat. (1989); see also Robertson v. Robertson, 593 So.2d 491 (Fla. 1991).
In lieu of further proceedings, which we have reluctantly ordered in this case because of technical errors or omissions in the final judgment,[2] the parties are encouraged to attempt settlement of their difficulties, since further litigation will serve little purpose other than to further deplete the available assets of the parties.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
SHIVERS and KAHN, JJ., concur.
NOTES
[1] The computations contained in the husband's brief are rejected as the husband utilized the formula for determining a special equity in entireties property, Landay v. Landay, 429 So.2d 1197 (Fla. 1983), and the rental property at issue herein is titled solely in the husband's name.
[2] The trial court apparently overlooked the evidence concerning the husband's purchase of various rental properties prior to the marriage, which were titled solely in the husband's name, yet in the final judgment the trial court distributed the equity in these properties as if the same were marital assets, without any finding as to how, or whether, such properties became marital assets.