652 So.2d 435 (1995)
Martha Marie PLEAS, Appellant,
v.
Jerry E. PLEAS, Appellee.
No. 94-472.
District Court of Appeal of Florida, First District.
March 17, 1995.
Bill A. Corbin, Blountstown, for appellant.
Bonnie K. Roberts, Bonifay, for appellee.
PER CURIAM.
In this appeal from a final order of dissolution of marriage, appellant/wife challenges the trial court's distribution of marital assets and liabilities, denial of alimony, and denial of her attorney's fees. We conclude the trial court erred in its analysis of appellant's interest in appellee's non-marital home and reverse and remand for further consideration.
The parties were 83 (appellant) and 76 (appellee) years of age at the time of the dissolution. They had been married for approximately six years. Appellee filed the initial petition for dissolution. He also obtained an order requiring appellant to leave the home they had lived in during the marriage. Appellant first lived with a relative and then moved into a rental home.
When the parties married, appellee owned a house and acreage. Appellant moved into appellee's house and the parties began renovating it. According to appellant, they paid for the renovations out of their respective Social Security and other monthly incomes, which the testimony indicates were about equal. Appellee agreed that they used whatever funds were available for the renovations, and that this included appellant's income. Appellant testified that they made extensive improvements to the house, beginning on the inside, including painting and recarpeting, replacing rotten boards, adding a "Florida" room and carport, reflooring porches, reroofing part of the house, reconstructing the kitchen, and landscaping. She also testified they tore down an old barn and built a new one.
Appellant presented documentation of some $16,000 in expenditures on the home, and testified they spent more than that, although on cross-examination, she admitted not all of the invoices she produced pertained to the renovations; some were for furniture and minor maintenance and repairs. She testified they did not borrow any funds to make the renovations. Before the marriage, appellant lived in a mobile home. After the *436 marriage, she rented and then sold the mobile home after the parties made some $1200 in repairs to that home. She testified that appellee promised her she could live in his home as long as she lived.
The trial court found that appellant testified to more expenditures than she had income, therefore her evidence was inconclusive; that she failed to introduce evidence to support the conclusion that her money was used to make the improvements; that she failed to introduce evidence to support the conclusion that the fair market value of the property increased during the marriage as a result of the improvements; that she attempted to establish her claim based on ordinary expenditures such as routine maintenance, furniture purchases, and ordinary living expenses; and that she failed to establish a basis for treating the home as marital property or entitlement to special equity.
The trial court did not err in determining the home was a non-marital asset, or that appellant was not entitled to a "special equity" in that asset. "A special equity is a vested property interest brought into the marriage or acquired during the marriage because of a contribution of services or funds over and above normal marital duties." Dyson v. Dyson, 597 So.2d 320, 324 (Fla. 1st DCA 1992). However, the trial court applied an inappropriate analysis to appellant's claim by focusing solely on whether the home was a marital asset and on whether appellant had shown entitlement to a special equity in it. "The enhancement in value and appreciation of non-marital assets resulting from the efforts of either party during the marriage or from the contribution or expenditure of marital funds constitute marital assets of the parties." Saare v. Saare, 610 So.2d 628, 629 (Fla. 1st DCA 1992).
[W]here a party has separately owned property on which marital funds or labor were expended during the marriage, the value of the property at the time that it was acquired, together with any reasonable proration of the appreciated value that the party may show is attributable to causes other than the parties' contribution of marital funds and labor, is shielded from equitable distribution as a special equity. To the extent, however, that the value of that property was enhanced by marital funds or labor, that enhanced value should be included as a marital asset in the equitable distribution plan. (emphasis supplied)
Dyson v. Dyson, 597 So.2d at 324.
On remand, the focus should be on whether marital funds or labor were expended on the non-marital asset, resulting in an appreciation in value of the marital asset. It is irrelevant whether or to what extent appellant's personal funds can be traced to the improvements, because "each spouse's income is deemed marital funds," Stevens v. Stevens, 651 So.2d 1306, (Fla. 1st DCA 1995). As in Young v. Young, 606 So.2d 1267, 1270 (Fla. 1st DCA 1992), the trial court "should revisit the issue of whether the wife is entitled to a share of the appreciated value of the marital residence if she is able to establish its enhanced value." The finding that appellant attempted to establish her claim with evidence as to ordinary expenditures only, such as routine maintenance, is not supported by competent substantial evidence, as indicated by the above summary of appellant's testimony as to the renovations to appellee's home.
Appellant also challenges the trial court's ruling on marital liabilities. The major liability was appellant's outstanding medical bill in the amount of $1874. The court ruled that each party should be responsible for their own medical bills, although appellee had no significant outstanding bills, and the record indicates his medical expenses are largely covered by insurance. In reconsidering the equitable distribution plan, the trial court should reconsider its decision on this marital liability and make adequate findings in accordance with section 61.075, including identification and valuation, to ensure equitable distribution of all marital assets and liabilities. Finally, since the denial of alimony and attorney's fees is not explained in the order, on remand the court should make findings supporting its rulings on these claims.[1]
*437 REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, JOANOS and WOLF, JJ., concur.
NOTES
[1] In the final order, the court found that "wife removed furniture and furnishings from husband's home upon separation, and it is equitable to allow both parties to retain that which is in their respective possession." This finding is not responsive to the claims nor does it reflect the testimony in the record. Appellant requested a number of items of personal property purchased during the marriage, in particular, a freezer and a washing machine, and appellee expressed his willingness for her to have these items. Appellee also indicated there were items belonging to appellant which she had brought to the marriage which were still at his house. The record indicates that at one point during the dissolution proceedings, law enforcement officials prevented appellant from removing items of personal property from the home. Under these circumstances, the trial court should specify in the final order whether appellant may take these items from appellee's home, adjusting the equitable distribution plan as necessary.