582 So.2d 139 (1991)
Kenneth A. KITTINGER, Appellant,
v.
Minnie E. KITTINGER, Appellee.
No. 90-1321.
District Court of Appeal of Florida, Fifth District.
July 3, 1991.
Robert L. Hutchinson, Orlando, for appellant.
Sara Caldwell, Daytona Beach, for appellee.
DIAMANTIS, Judge.
Husband/appellant Kenneth A. Kittinger appeals the amended final judgment of dissolution. We affirm the trial court's award of permanent periodic alimony to the wife; however, we reverse the trial court's award of the husband's inherited 50% interest in certain real property to the wife.
The final hearing before the trial court in this case was not reported, therefore there is no transcript. The parties prepared a "Stipulated Statement of Evidence and Supplementing of Record-on-Appeal" which was filed with the clerk of the circuit court. This stipulated statement of the evidence was not submitted to the lower tribunal for settlement and approval as required by rule 9.200(b)(4) of the Florida Rules of Appellate Procedure.[1] However, both parties rely on this stipulated statement and the other evidence in the record and neither party objects to our considering this stipulated statement.
Lack of a transcript has somewhat hampered a review of this case. However, the stipulated statement and the evidence in the record, including the husband's 1988 federal income tax return, demonstrates that the trial court did not abuse its discretion in awarding permanent periodic alimony. We cannot say that no reasonable person could arrive at such a result. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
However, we conclude that the trial court did err in distributing to the wife the husband's 50% interest in a parcel of real property located in Lincoln County, Kentucky. *140 This 50% interest was inherited by the husband in his sole name. The other 50% interest was jointly acquired during the marriage by the husband and wife. The trial court awarded this entire parcel of real property to the wife as part of its plan of equitable distribution.
Section 61.075(3)(b)2 of the Florida Statutes (1989) provides that non-marital assets include assets acquired separately by either party by non-interspousal bequest, devise, or descent. Therefore, the 50% interest that the husband inherited is a non-marital asset and it is not subject to equitable distribution. However, the 50% interest jointly owned by the parties was subject to equitable distribution and the trial court did not err in distributing this 50% interest to the wife. We note that even without the husband's 50% interest the wife's equitable distribution award exceeds that of the husband's and even does so with this 50% interest added onto his award. Therefore, it is not necessary to remand this case to the trial court to reconsider its equitable distribution plan. Accordingly, this cause is remanded to the trial court to enter an amended final judgment consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Rule 9.200(b)(4), Florida Rules of Appellate Procedure provides:

(4) If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.