632 So.2d 226 (1994)
Margaret GILL, Appellant,
v.
James Patrick GILL and Gills Trading Co., Inc., Appellees.
No. 92-03789.
District Court of Appeal of Florida, Second District.
February 18, 1994.
Victoria M. Ho of Asbell, Hains, Doyle & Johnson, P.A., Naples, for appellant.
Tom Wood and George Vega, Jr., of Vega, Brown, Stanley, Martin & Zelman, Naples, for appellees.
SCHOONOVER, Judge.
The appellant, Margaret Gill, challenges the final judgment dissolving her marriage to the appellee, James Patrick Gill. Although *227 Mrs. Gill makes several arguments concerning the distribution of marital and nonmarital property, we find only one argument that requires discussion. We find that the trial court erred in its consideration of the enhancement in value of the husband's retail shoe business. We affirm in all other respects.
The parties were married on July 12, 1986. The wife filed her petition for dissolution of marriage on March 10, 1992. The husband and his mother had been in the shoe business long before the parties' marriage, and from the date of the marriage until 1987, the appellant and appellee operated the Shoe Locker in the state of Oklahoma. In 1987, they moved to Florida and opened a retail shoe store called the Shoe Warehouse. All of the assets of the Shoe Warehouse were owned by Gills Trading Co., Inc., which in turn was solely owned by the husband's mother. In 1990, the husband's mother transferred all of the stock of the corporation to the husband. By the time of the final hearing, the husband had acquired a partner who owned one-third of the business. At the final hearing, the parties presented conflicting evidence concerning the various contributions made to the business by the husband, wife, and the husband's mother.
At the conclusion of the proceedings, the court, among other things, found that the transfer of the business was a gift to the husband. The amended final judgment found that the business was worth $340,552 at time of the gift and, pursuant to agreement, $600,000 at the time of the final judgment. The court further found that since the husband owned 66.6% of the business at the time the parties separated, the value of the husband's interest in the business amounted to $399,960. The amended final judgment, after setting forth all of the judge's findings including those mentioned above, dissolved the parties' marriage, made certain equitable distributions, ordered the parties to do certain things to carry out the requirements of the final judgment, and ordered each party to pay their own attorney's fees. The judgment did not, however, other than in the findings mentioned above, refer to the Shoe Warehouse. The wife filed a timely notice of appeal.
There was sufficient evidence to support the trial court's finding that the husband's mother intended a gift to her son alone when she transferred the business to him. This does not mean, however, that the wife does not have any interest in the business. Although the business is a nonmarital asset, any enhancement in value and appreciation of the business which resulted from the efforts of either party during the marriage or from the contribution to or expenditure thereof of marital funds or other forms of marital assets or both, became a marital asset. § 61.075(5)(a)(2), Fla. Stat. (1991).
The husband contends that during the time the parties owned the business, the wife did very little work for the store and was more than adequately paid for that work without receiving any further interest in the business. Even if we assume that the wife did not contribute to the enhancement in value of the business, the husband did so, and the appreciation of separately owned assets is subject to equitable distribution if either spouse expends marital labor on that asset. Watford v. Watford, 605 So.2d 1313 (Fla. 4th DCA 1992). See also Pfleger v. Pfleger, 558 So.2d 198 (Fla. 2d DCA 1990); Neff v. Neff, 386 So.2d 318 (Fla. 2d DCA 1980).
The court erred by failing to include among the marital assets considered for equitable distribution a certain portion of the enhanced value of the business. The court should have considered that portion of the enhanced value of the business that occurred after the gift and which was due to the expenditure of marital labor or funds. Hickman v. Hickman, 572 So.2d 1021 (Fla. 2d DCA 1991).[1]
*228 On remand, the court should determine what part of the business's enhancement in value resulted from marital labor or funds and then, since that value is a marital asset, equitably distribute it. See Sanders v. Sanders, 547 So.2d 1014 (Fla. 1st DCA 1989). We, of course, assume some of the appreciation is due to the efforts of the husband's partner. If the trial court on remand decides to rely on the record created at the original trial, it may, of course, do so.
We find no reversible error as to the remaining points on appeal and because of the nature of the parties' property do not find it necessary to reverse any of the court's other awards.
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] We disagree with the wife's contention that she started acquiring an interest in the appreciation of the business prior to the time it was given to her husband as a gift. During the parties' marriage and prior to the gift, only the mother had an interest in the business. The husband worked for the mother and had no legally enforceable interest in the business. His efforts, therefore, did not contribute to the enhancement of any asset owned, at that time, by either the husband or the wife, or both.