670 So.2d 142 (1996)
Eleanor STRICKLAND, Appellant,
v.
Garland STRICKLAND, Appellee.
No. 95-429.
District Court of Appeal of Florida, First District.
March 20, 1996.
Lacy Mahon, Jr. of Lacy Mahon, Jr. and Mark H. Mahon, P.A., Jacksonville, for Appellant.
Albert Datz of Datz, Jacobson, Lembcke & Garfinkel, Jacksonville, for Appellee.
MICKLE, Judge.
This is an appeal from a final judgment of dissolution of marriage. We affirm. The challenged judgment comes to us clothed with a presumption of correctness. We conclude that the record supports the award of permanent alimony. Likewise, we believe that the able trial judge, when presented with a complicated record of transactions involving multiple marriages and the parties' individual and joint properties, achieved a fair result that accords with the requirements of the equitable distribution statute, section 61.075, Florida Statutes. Ugarte v. Ugarte, 608 So.2d 838 (Fla. 3d DCA 1992) (appellate panel is to consider the overall scheme of distribution devised by the trial court in a dissolution action to achieve equity between the parties, and piecemeal review is inappropriate), cause dism., 617 So.2d 322 (Fla.1993).
AFFIRMED.
LAWRENCE, J., concurs.
JOANOS, J., concurs in part and dissents in part.
JOANOS, Judge, concurring in part and dissenting in part.
There is merit in one of the three issues appellant raises. One of the assets at issue in equitable distribution was a house (the "LeBrun house") which appellant had owned before she and appellee married in 1967, and which was titled in her name alone. As such, the LeBrun house was a nonmarital asset as defined by section 61.075(5)(b)1., Florida Statutes: "[a]ssets acquired ... by either party prior to the marriage...."
*143 There was evidence that the value of this house at the time of dissolution was about $55,000, but no evidence was presented as to the value of the house in 1967 or at any other time. Appellee testified to making various physical improvements to the LeBrun house. The trial court found that appellee had made some $20,000 in improvements to this house, and on that basis found that it was a marital asset.
That appellee made some improvements to the LeBrun house does not transform it into a marital asset. Rather, "[t]he enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both" is a marital asset. Section 61.075(5)(a)2., Fla.Stat. See Saare v. Saare, 610 So.2d 628 (Fla. 1st DCA 1992); Young v. Young, 606 So.2d 1267 (Fla. 1st DCA 1992). In addition, appellee has directed us to no record support for the $20,000 figure for the improvements, and I have located none in reviewing the record. Finally, evidence of the value of improvements made to the house is not necessarily the equivalent of evidence of enhancement in value of the house. The record contains no evidence as to the enhancement in value of the LeBrun house due to appellee's efforts. Therefore, I would reverse on this point and remand for a finding that the LeBrun house is a nonmarital asset, and for further findings as to the enhancement in value of the house during the marriage and what portion of that enhancement is a marital asset, after taking such further evidence as is necessary to make these findings. After making such findings, the trial court would be directed to adjust the distribution scheme in the final judgment as required by the findings.