891 So.2d 568 (2004)
LODGE CONSTRUCTION, INC. and American Casualty Company of Reading Pennsylvania, Appellants,
v.
MONROE COUNTY, Florida and Bender & Associates, Inc., Appellees.
Nos. 3D03-3362, 3D04-250, 3D04-399, 3D04-423.
District Court of Appeal of Florida, Third District.
November 24, 2004.
Rehearing Denied January 26, 2005.
Adorno Yoss and Paul M. Woodson, Fort Lauderdale, for appellants.
Ferencik Libanoff Brandt Bustamente Williams and Lori R. Shapiro, Fort Lauderdale, for appellee Monroe County, Florida.
Daniels, Kashten, Downs, Robertson Magathan and Madelyn Simon Lozano and *569 Michael F. Kashtan, Coral Gables, for appellee Bender & Associates, Inc.
Before GODERICH, SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
The defendants, Lodge Construction, Inc. [Lodge] and its surety, American Casualty Company of Reading Pennsylvania, appeal from a partial final summary judgment entered in favor of Monroe County on the issue of liability finding that Lodge breached the construction contract. We reverse finding that the deposition testimony of Michael Dunn, Lodge's principal, raised genuine issues of material fact that precluded the entry of summary judgment. Fla. R. Civ. P. 1.510(c). Further, because the directed verdict on the issue of professional negligence granted in favor of the architect, Bender & Associates, Inc. [Bender], was predicated on the summary judgment entered against Lodge, we also reverse the final judgment entered in favor of Bender.
Although not necessary for the disposition of this case, we choose to address an evidentiary issue raised by Lodge that will recur on remand. Lodge contends that the trial court abused its discretion by excluding evidence of Bender's alleged window design defects. We find that the trial court acted within its discretion where these defects affected the project after Lodge had already stopped construction on it. Hendry v. Zelaya, 841 So.2d 572, 575 (Fla. 3d DCA 2003)("A trial court has broad discretion concerning the admissibility of evidence and its rulings will not be disturbed absent an abuse of discretion.") (citations omitted).
Because a new trial on liability and damages is warranted, we do not address the remaining issues raised on direct appeal or on Monroe County's cross-appeal.
Reversed and remanded for a new trial.