923 So.2d 1236 (2006)
Grace "Olivia" MARTIN, Appellant,
v.
Jimmy MARTIN, Appellee.
No. 1D05-2687.
District Court of Appeal of Florida, First District.
March 23, 2006.
*1237 Bonnie K. Roberts, Bonifay, for Appellant.
Clayton J.M. Adkinson, DeFuniak Springs, for Appellee.
PER CURIAM.
In this appeal from an amended final judgment of dissolution of marriage, former wife argues the circuit court erred in denying her request for alimony and in treating her inherited property as a marital asset. Both parties argue the trial court made scrivener's errors and miscalculations in its asset distributions. We affirm the denial of former wife's claim for alimony, and reverse and remand on the remaining issues.

Standard of Review
We review the circuit court's distribution of marital assets for abuse of discretion. Maddox v. Maddox, 750 So.2d 693, 694 (Fla. 1st DCA 2000) (citations omitted).

The Inherited Property
During most of this forty-seven year marriage, the parties lived on a forty-acre parcel of property owned by former wife's *1238 family. In 1992, former wife inherited the parcel of property from her mother. This property was titled solely in former wife's name, and remained so throughout the rest of the marriage. In the amended final judgment of dissolution of marriage, the circuit court classified the property as a marital asset because former wife "did nothing to indicate her intent to make this a nonmarital asset other than having the deed put into her name only." The court noted property taxes were paid by marital funds, and former husband made various improvements upon the land during the marriage. The circuit court did not assign a value to either the taxes or the improvements. The court subsequently divided the property equally between the parties. In so doing, the circuit court erred.
Nonmarital assets include "assets acquired separately by either party by noninterspousal gift, bequest, devise or descent." § 61.075(5)(b)(2), Fla. Stat. (2004); see also Kittinger v. Kittinger, 582 So.2d 139 (Fla. 5th DCA 1991) (holding husband's interest in real property inherited during marriage not subject to equitable distribution as it was a nonmarital asset, but portion jointly owned was subject to equitable distribution). Here, the record clearly establishes former wife inherited the forty-acre parcel in 1992, it was titled in her name alone, and the title was never changed. Consequently, based upon the plain language of the statute, the property was nonmarital.[1]
There are two theories under which former husband could have been awarded an interest in a nonmarital asset: special equity and enhancement in value. The amended final judgment of dissolution of marriage failed to provide sufficient factual support to award former husband a one-half interest in the property under either theory. We address them both.
Special equity is defined as "a vested property interest brought into the marriage or acquired during the marriage because of a contribution of services or funds over and above normal marital duties." Dyson v. Dyson, 597 So.2d 320, 324 (Fla. 1st DCA 1992) (citations omitted)(holding mortgage payments did not qualify as special equity; therefore, the wife was entitled to equitable distribution only to the extent the value of the property was enhanced by marital funds or labor). Generally, funds contributed must come from a source unconnected with the marital relationship. Id. Here, the funds that paid the property taxes came from marital funds, and former husband's improvements on the land were not over and above normal marital duties.[2] Therefore, on the record before us, former husband is not entitled to a special equity interest.
"The enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both," is considered a marital asset. § 61.075(5)(a)(2), Fla. Stat. (2004). However, improvements or expenditures of marital funds to a nonmarital asset does not transform the entire asset into a marital *1239 asset; rather, it is only the "enhancement in value and appreciation" which becomes a marital asset. Strickland v. Strickland, 670 So.2d 142, 143 (Fla. 1st DCA 1996). Accordingly, to make an award for the enhancement in value and appreciation of a nonmarital asset, the court must make specific findings as to the value of such enhancement and appreciation during the marriage, as well as which portion of that enhanced value is attributable to marital funds and labor. See id.; see also § 61.075(3)(b), Fla. Stat. (2004).
Here, if the circuit court intended to grant former husband an interest in the property based upon enhancement in value and appreciation attributable to marital funds and labor, it did not make the requisite factual findings for a meaningful review. The circuit court found the property to be worth $80,000. It did not find what the property was worth when former wife acquired title, nor did it find the appreciation value of the property attributable to efforts of either party during the marriage or contribution from marital funds. Therefore, the record before us does not support an award of enhancement in value.

Scrivener's Errors and Miscalculations
While factual findings by the circuit court are afforded deference on review, scrivener's errors and miscalculations must be corrected on remand. See USA Independence Mobilehome Sales, Inc. v. City of Lake City, 908 So.2d 1151, 1154 (Fla. 1st DCA 2005) (citation omitted); Dolan v. Dolan, 790 So.2d 447 (Fla. 3d DCA 2000). The circuit court made a mathematical error when adding up former husband's assets. Specifically, the circuit court determined the total value of former husband's assets to be $72,450.00 and net distribution to be $22,450.00. However, the record shows the total value of assets is $69,950.00, making his net distribution $19,950.00.
Additionally, there are two instances in this case where the circuit court may have made scrivener's errors in its asset distribution. Specifically, the circuit court listed former wife's lump sum retirement payment and a mobile home as assets to be distributed to former wife. However, the record reflects, and both parties agree, that the lump sum payment was used to purchase the mobile home. Therefore, this asset appears to be counted twice. Furthermore, the circuit court allocated $20,000.00 to former husband for timber acquired from a FEMA home. However, the record reflects both parties testified the timber had rotted and had no value. We remand to correct the foregoing miscalculations and possible scrivener's errors.

Alimony
In denying alimony, the circuit court addressed all relevant factors from section 61.08, Florida Statutes (2004). The court considered the relative health of each party and the fact that both are at an age where neither will receive further training for employment opportunities. It found the parties had a modest standard of living, and both contributed to the marriage and paid marital bills during the forty-seven year marriage. The circuit court further found both parties were operating in a monthly deficit and had no other sources of income. Based on these findings, the circuit court concluded neither party could afford to pay alimony. The circuit court's decision is supported by competent, substantial evidence and is affirmed.

Conclusion
The record reveals scrivener's errors and miscalculations contained in the circuit court's amended final judgment of dissolution *1240 of marriage. Additionally, the circuit court incorrectly applied section 61.075(5)(b)(2), Florida Statutes, to former wife's inherited property. Therefore, we AFFIRM in part, REVERSE in part, and REMAND for proceedings consistent with this opinion.
BARFIELD, WOLF, and HAWKES, JJ., concur.
NOTES
[1] A party's conduct regarding inherited real property is distinguishable from the inheritance of money, which can lose its status as a nonmarital asset if commingled with marital funds. Lakin v. Lakin, 901 So.2d 186, 190 (Fla. 4th DCA 2005).
[2] See Duncan v. Duncan, 379 So.2d 949, 951 (Fla.1980)(rejecting the trial court's finding that husband's efforts in laying the bricks, digging trenches, preparing blue prints, hiring subcontractors, constantly overseeing the work, and buying and bringing building materials to the job site constituted a special equity.)