962 So.2d 404 (2007)
Christine Williams HALL, Appellant,
v.
Randall Creig HALL, Appellee.
No. 2D04-2550.
District Court of Appeal of Florida, Second District.
August 10, 2007.
*405 Christine Williams Hall, pro se.
No appearance for Appellee Randall Creig Hall.
STRINGER, Judge.
Christine Williams Hall ("the Wife") seeks review of the final judgment of dissolution of marriage, which dissolved her marriage to Randall Creig Hall ("the Husband"). The Wife argues that the trial court erred in using comparative market analyses to value the real property in this case and abused its discretion in awarding the Husband a twenty-five percent interest in the property located at 507 1st Avenue NW. We reject the Wife's first argument without discussion. However, we agree that the trial court abused its discretion in awarding the Husband a twenty-five percent interest in the property at 507 1st Avenue NW.
The parties were married for only five years and had no children together. The main issue for resolution by the trial court was the equitable distribution of four parcels of real estate in Ruskin and Plant City. Of the four parcels, the trial court found only one to be marital property. However, the trial court also awarded the Husband an interest in the Wife's nonmarital property located at 507 1st Avenue NW. The court awarded the Husband one-half the amounts paid from marital funds toward the mortgage in addition to twenty-five percent of the value of the property based upon the Husband's marital labor.
On appeal, the Wife argues that the trial court abused its discretion in awarding the Husband a twenty-five percent interest in the property at 507 1st Avenue NW based on his marital labor. At trial, the Husband testified without explanation that the value of his enhancements to the property, which the court determined was valued at $165,000, was $74,000. Counsel for the Husband argued to the trial court that the Husband's marital labor entitled him to a twenty-five percent interest in the property.
The trial court found that the Husband "did substantial remodeling" to the home located on the property by adding a master bedroom, master bathroom, and a three-car garage and performing various electrical work and interior remodeling. The court stated that it was "unable to determine an exact monetary sum, based on the evidence" of the Husband's marital enhancements to the property, so it accepted counsel's argument that the Husband was entitled to a twenty-five percent interest in the property.
Section 61.075(5)(a)(2), Florida Statutes (2001), includes in the definition of "marital assets" "[t]he enhancement in value and appreciation of nonmarital assets resulting . . . from the efforts of either party during the marriage." In distributing such a marital asset, the court is required to make specific findings regarding the value of the enhancement and appreciation during the marriage, including which portion of that enhanced value is attributable to marital labor. Martin v. Martin, 923 So.2d 1236, 1239 (Fla. 1st DCA 2006).
When improvements are made to real property, the court should make findings regarding the current value of the property and the value of the property prior to the marital enhancements. Id. The court should then make findings regarding the amount of the appreciation that was attributable to the marital enhancements. Id.; see also Gill v. Gill, 632 So.2d 226, 228 (Fla. 2d DCA 1994) (reversing and remanding for court to determine what part of a business's enhancement in *406 value was due to marital labor and to equitably distribute it).
In this case, the trial court found the property at 507 1st Avenue NW to be worth $165,000, but did not make any findings regarding the value of the property prior to the marital enhancements. Moreover, the court did not make any findings regarding the amount of the appreciation of the property that was attributable to the Husband's marital labor. Instead of awarding the Husband an interest in the appreciation of the value of the property due to marital labor, the court awarded the Husband an interest in the value of the entire property.
Accordingly, the trial court abused its discretion in awarding the Husband a twenty-five percent interest in the property located at 507 1st Avenue NW. We therefore reverse the equitable distribution scheme; we affirm the dissolution of the marriage. On remand, the court should make findings regarding appreciation of the value of the property due to the Husband's marital labor. The court should then reconfigure the equitable distribution scheme to include the enhancement in value as a marital asset. See Pinder v. Pinder, 750 So.2d 651, 653 (Fla. 2d DCA 1999); Gill, 632 So.2d at 227. The court may take additional evidence if necessary to determine the value of the marital asset. See Barabas v. Barabas, 923 So.2d 588, 590-91 (Fla. 5th DCA 2006); Burke v. Burke, 864 So.2d 1284, 1285 (Fla. 1st DCA 2004).
Affirmed in part; reversed in part; and remanded.
CASANUEVA and KELLY, JJ., concur.