992 So.2d 395 (2008)
Stephanie Jean WILSON and Nonnia Merle Bell, Appellants,
v.
William C. WILSON, Appellee.
No. 1D07-5325.
District Court of Appeal of Florida, First District.
October 15, 2008.
*396 Rhonda S. Clyatt, Panama City, for Appellants.
Frank C. Bozeman and Jason B. Onacki of Bozeman, Jenkins & Matthews, P.A., Pensacola; and Jean Marie Downing, Panama City, for Appellee.
VAN NORTWICK, J.
Stephanie Jean Wilson (the former wife) and her grandmother, Nonnia Merle Bell, appeal a final judgment of dissolution of marriage, arguing that the trial court abused its discretion in ruling that the former wife's nonmarital interest in the Blue Bay Motor Lodge (the Motel) became a marital asset when the value of the property was enhanced by marital labor and that William C. Wilson (the former husband), appellee, was entitled to equitable distribution in the amount of $100,000 relating to that property. Because we find that the trial court abused its discretion in considering the entirety of the former *397 wife's interest in the Motel to be marital property, we reverse and remand for further proceedings.
The former husband and former wife were married on May 15, 1999 and resided together as husband and wife until September 2004. During the marriage, Mrs. Bell transferred a one-half interest in the motel property to the former wife, in consideration of which the former wife and Mrs. Bell jointly signed a mortgage on the property in the amount of $120,000. All payments on the mortgage were made by Mrs. Bell using funds from the operations of the Motel. On these facts, the trial court determined that this property "was a gift solely to the wife."
It is undisputed that the former wife worked at the Motel. She collected rent, maintained the books, and acted as her grandmother's partner in the business. Although the facts are in dispute regarding whether the former wife was paid for the work she performed at the Motel, the trial court resolved the factual dispute by finding that former wife worked "for free." While the former wife was working at the Motel and attending school, the former husband worked full time to support himself and former wife. It is also undisputed that the former husband also performed some maintenance work at the Motel. On October 25, 2004, the former wife transferred her interest in the Motel property back to her grandmother and Mrs. Bell sold the property in August 2005 for the sum of $810,000.
In July 2005, former husband filed a petition for dissolution of marriage, and subsequently filed a notice of lis pendens on the Motel. Mrs. Bell agreed to place $100,000 into an escrow account in exchange for which the former husband released the Motel from any claim or interest. The former husband also amended his petition for dissolution of marriage to add Mrs. Bell as a necessary party.
The trial court granted the dissolution of marriage and determined, in pertinent part, that the former wife's "non-marital interest in the Blue Bay Motor Lodge Property became a marital asset when there was an enhancement in value and appreciation of the non-marital asset resulting from [former wife]'s working for free to help [Mrs. Bell] continue to run the Lodge." Finding that the only evidence presented as to the value of the enhancement to the Motel was the agreement of the parties to place $100,000 into an escrow account, the trial court awarded, in pertinent part, equitable distribution to the husband in the amount of $100,000. This appeal followed.
"We review the circuit court's distribution of marital assets for abuse of discretion." Martin v. Martin, 923 So.2d 1236, 1237 (Fla. 1st DCA 2006). In connection with a dissolution of marriage, the trial court must determine which property is nonmarital and which is marital. A valuation of the significant marital assets shall be made and "any distribution of marital assets ... shall be supported by factual findings in the judgment ... based on competent substantial evidence ..." § 61.075(3)(a), Fla. Stat. (2005). "[T]he court shall set apart to each spouse that spouse's nonmarital assets," § 61.075(1), Florida Statutes (2005), and those nonmarital assets shall not be subject to equitable distribution. Nonmarital property includes "[a]ssets acquired separately by either party by noninterspousal gift, bequest, devise or descent, and assets acquired in exchange for such assets." § 61.075(5)(b)2, Fla. Stat. (2005).
As recognized by this court in Martin:

*398 "The enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both," is considered a marital asset.
923 So.2d at 1238 (quoting § 61.075(5)(a)2, Fla. Stat. (2004)). Nonetheless, "improvements or expenditures of marital funds to a nonmarital asset does not transform the entire asset into a marital asset; rather, it is only the `enhancement in value and appreciation' that becomes a marital asset." Id. at 1238-39 (quoting Strickland v. Strickland, 670 So.2d 142, 143 (Fla. 1st DCA 1996)).
Here, based on its finding that Mrs. Bell transferred the Motel property to the former wife as a gift during the marriage, the trial court was correct when it determined that the former wife's interest in the Motel constituted a nonmarital asset. The trial court erred, however, when it stated that the former wife's "non-marital interest in the Blue Bay Motor Lodge Property became a marital asset" (emphasis supplied) when the marital labor of the parties enhanced its value. Where the value of a nonmarital asset is enhanced and appreciates due to the parties' marital labor, the enhancement and appreciation does not transform a nonmarital asset into a marital asset. Martin, 923 So.2d at 1238-39. Instead, only the enhancement in value and appreciation of the nonmarital property becomes a marital asset. Id.
The former husband argues that the trial court only ruled that the former husband was entitled to equitable distribution of a portion of the enhanced value of the Motel. We cannot agree. The final judgment expressly states that "[the former wife's] non-marital interest in the [Motel] became a martial asset...." Further, even if the trial court intended to treat only the enhancement in value of the Motel as a marital asset, we would nonetheless be compelled to reverse because of the lack of findings supporting the equitable distribution award of $100,000 to the former husband.
Florida law is clear that "to make an award for the enhancement in value and appreciation of a nonmarital asset, the court must make specific findings as to the value of such enhancement and appreciation during the marriage, as well as which portion of that enhanced value is attributable to marital funds and labor." Id. Thus, a trial court abuses its discretion when it fails to make factual findings regarding the amount of the appreciation of the property that was attributable to the marital labor. Hall v. Hall, 962 So.2d 404, 405 (Fla. 2d DCA 2007). As the Hall court explained, "[w]hen improvements are made to real property, the court should make findings regarding the current value of the property and the value of the property prior to the marital enhancements. The court should then make findings regarding the amount of the appreciation that was attributable to the marital enhancements." See also Valdes v. Valdes, 894 So.2d 264, 267 (Fla. 3d DCA 2004) (reversing "the valuation of the enhancement on the ground that there [was] no Record evidence to support the trial court's valuation of the enhancement value of the non-marital property/assets").
The trial testimony below established that the Motel had a market value of $810,000 at the time of sale in 2005. There is no record evidence, however, establishing the value of the Motel property when the former wife acquired it or when the former wife transferred her interest in the property back to her grandmother. The only evidence that the trial court heard as to the value of the enhancement to the property was the agreement between *399 the former husband and Mrs. Bell to place $100,000 in escrow to discharge the lis pendens. This evidence is insufficient to support an equitable distribution to the husband in that amount.
The former wife also asserts that the enhancement in the value of the Motel property was due solely to passive market forces and, accordingly, no marital asset exists for distribution. Given our holding, it is not necessary for us to reach this issue for the disposition of this case. Nevertheless, because this issue will recur on remand, we choose to address it to provide guidance on remand. See, e.g., Pangburn v. State, 661 So.2d 1182, 1189 (Fla.1995); Lodge Constr., Inc. v. Monroe County, 891 So.2d 568, 569 (Fla. 3d DCA 2004).
As this court explained in Stevens v. Stevens, 651 So.2d 1306, 1307 (Fla. 1st DCA 1995):
Equitable distribution of marital assets should take into account the appreciated value of a non-marital asset caused by the expenditure of marital funds or labor, including the parties' management, oversight, or contribution to principal, Young v. Young, 606 So.2d 1267, 1270 (Fla. 1st DCA 1992); Massis v. Massis, 551 So.2d 587, 589 (Fla. 1st DCA 1989), as well as an appropriate portion of any appreciation of a non-marital asset caused by the effects of inflation and market conditions, where "some portion of the current value ... must reasonably be classified as a marital asset." Sanders v. Sanders, 547 So.2d 1014, 1016 (Fla. 1st DCA 1989).
An asset brought by one party to a marriage, which appreciates during the course of the marriage, solely on account of inflation or market conditions, becomes in part a marital asset, if it is encumbered by indebtedness which marital funds service. Each spouse's income is deemed marital funds.... The appreciation, if any, should be allocated between the parties by a "reasonable proration of the appreciated value." Sanders, 547 So.2d at 1016.
If a separate asset is unencumbered and no marital funds are used to finance its acquisition, improvement, or maintenance, no portion of its value should ordinarily be included in the marital estate, absent improvements effected by marital labor....
"Once a non-owner spouse establishes that marital funds or labor were used to improve [an asset] that was nonmarital, the owner-spouse has the burden to show which parts are exempt." Gaetani-Slade v. Slade, 852 So.2d 343, 347 (Fla. 1st DCA 2003). Thus, to the extent the former wife contends that a portion of the enhanced value of the Motel property is the result of passive market appreciation and that no marital funds were used to finance or maintain the property, on remand it is her burden to provide sufficient evidence of those facts. Id.; see generally, Dawn D. Nichols & Sean K. Ahmed, Nonmarital Real Estate: Is the Appreciation Marital, Nonmarital or a Combination of Both, 81 Fla. B.J. 75 (2007).
REVERSED and REMANDED for proceedings consistent with this opinion.
BENTON and HAWKES, JJ., concur.