*402
 
 PER CURIAM.
 

 David J. Fashingbauer appeals a final judgment of dissolution, contending that the lower court erred by awarding his former wife, Crystal A. Fashingbauer, an interest in his nonmarital real property, and in equitably distributing the parties’ marital assets. We affirm in part, reverse in part, and remand with directions to the court to reconsider the distribution scheme.
 

 The parties were married on October 2, 2003, and separated on February 5, 2006. They did not have children and former wife did not seek alimony. There were five real properties involved, some of them double parcels, all located in Fernandina Beach. We are principally concerned with American Beach Lot 24 and the marital home at South Fletcher Avenue.
 

 We conclude that the trial court erred by treating the American Beach Lot 24 as a marital asset and including it among the assets that were subject to equitable distribution. It was undisputed that the former husband owned the lot in his own name before the marriage and that it was not encumbered by a mortgage. After the marriage, he acquired a $470,000 line of credit using the American Beach lot as collateral, to finance the home the parties purchased on Woodstork Lane. The former wife first testified that they took a mortgage out on the American Beach lot to pay for the Woodstork Lane property, and that they made payments on the mortgage and paid taxes on the lot from marital assets, but on cross-examination, she acknowledged that she did not know whether the money they used to pay for the Woodstork Lane property was a regular mortgage or line of credit on Lot 24. She fails to cite any evidence that contradicts the former husband’s testimony about how they financed the property, nor is there evidence to support the trial court’s finding that the parties serviced mortgages on both the American Beach lot and the Woodstork Lane property.
 

 The fact that the parties used marital funds to pay taxes on Lot 24 did not convert it into a marital asset.
 
 See Martin v. Martin,
 
 923 So.2d 1236, 1238 (Fla. 1st DCA 2006) (“[T]he funds that paid the property taxes came from marital funds,” but this did not convert a portion of the nonmarital asset to a marital asset.). The former husband’s expert property appraiser testified that payment of taxes does not enhance the value of property, and the former wife did not offer any contrary evidence. The trial court itself found in the final judgment that payment of taxes on another lot (American Beach Lot 23) did not convert that lot into a marital asset. The evidence shows that the lot remained the former husband’s separate nonmarital asset under
 
 Farrior v. Farrior,
 
 736 So.2d 1177 (Fla.1999) (using the wife’s stock as collateral for the couple’s joint loans did not convert the stock into marital property).
 

 The former husband also claims the trial court erred in determining and distributing the value of the South Fletcher Avenue home by the formulation in
 
 Landay v. Landay,
 
 429 So.2d 1197 (Fla.1983), rather than the one in
 
 Stefanowitz v. Stefanowitz,
 
 586 So.2d 460, 462 n. 3 (Fla. 1st DCA 1991). He has not shown, however, that the result would have been any different had the court used the formula in
 
 Stefa-nowitz.
 

 We note that the trial court was not required to reimburse the former husband for the $33,861 expenses he put into the house between the separation and final hearing, and then calculate the parties’ respective shares from the remaining amount. “Reimbursement or credit for a party’s payment of marital property-relat
 
 *403
 
 ed expenses during separation is a matter of judicial discretion in light of all relevant circumstances.”
 
 Stock v. Stock,
 
 693 So.2d 1080, 1086 (Fla. 2d DCA 1997). When the spouses’ resources are relatively equal, it is reasonable for the court to divide the liabilities equally. When, however, the marital assets “were acquired largely on the strength of the husband’s income, which provided the cash flow to meet the mortgage payments and expenses,” and the court divides predissolution expenses equally, “the net effect can be to invade the asset share of the low-income spouse.”
 
 Knecht v. Knecht,
 
 629 So.2d 883, 888 (Fla. 3d DCA 1993) (rejecting husband’s claim that he was automatically entitled to full credit for mortgage payments he made during the separation). With regard to the expenses for both the South Fletcher home and the Woodstork Lane property, the court must evaluate each spouse’s ability to pay, taking into account whether the husband used marital funds to pay the expenses.
 
 Id. Accord White v. White,
 
 820 So.2d 432 (Fla. 4th DCA 2002);
 
 Pearce v. Pearce,
 
 626 So.2d 294 (Fla. 5th DCA 1993).
 

 We reject the remainder of the former husband’s arguments as meritless. Because the error in treating the American Beach Lot 24 as a marital asset cannot be corrected in isolation, we remand the case with instructions to revise the equitable distribution of the property.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALLEN, PADOVANO, and BROWNING, JJ., concur.