PER CURIAM.
In case number 1D08-4888, appellant contends that the trial court erred as a matter of law in concluding that, based on the undisputed material facts, appellant (through its insurer) failed to accept appel-lee’s settlement offer before appellee revoked that offer. In case number 1D09-0788, appellant contends that, if we reverse in case number 1D08^4888, we must also reverse the cost judgment entered in favor of appellee.
Having carefully reviewed the record, we conclude that the legal argument made by appellant in case number 1D08-4888 was not made in the trial court and, therefore, was not preserved. See, e.g., Tillman v. State, 471 So.2d 32, 35 (Fla.1985) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation”); Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005) (same); Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (same). See generally Castor v. State, 365 So.2d 701, 703 (Fla.1978) (“To meet the objectives of any contemporaneous objection rule, an objection must be sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal”). Because the alleged error was not preserved and it does not constitute fundamental error, see, e.g., State v. Johnson, 616 So.2d 1, 3 (Fla.1993) (“for an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process”), appellant has failed to carry his burden of demonstrating that harmful error occurred in ease number 1D08-4888. See, e.g., In re Lieber’s Estate, 103 So.2d 192, 196 (Fla.1958) (“On appeal it is the burden of the appellant to show error, ... and he must make it appear from the record”). Accordingly, we affirm as to case number 1D08^1888. Because the outcome of case number 1D09-0788 is dependent on that in case number 1D08-4888, we affirm as to that ease as well.
AFFIRMED.
WOLF, WEBSTER, and LEWIS, JJ., concur.