MARSTILLER, J.
Jennifer Carrion LaCoste (“former wife”) raises three issues on appeal from a final judgment of dissolution of marriage. First, she contends the trial court erred by deeming the 159-acre tract of land owned by Stephen Scott LaCoste (“former husband”) prior to the marriage a marital asset and distributing 100 percent of it to him. Alternatively, she argues that if the land was a marital asset, the court should have distributed it equally. Finally, she asserts the court abused its discretion in setting the former husband’s child support obligation by failing to include certain annual distributions in the former husband’s income. We affirm.
The former wife argues the trial court erred as a matter of law in classifying the land as a marital asset subject to equitable distribution. She contends the former husband gave her one-half interest in the land by quitclaim deed from himself to the parties as husband and wife, and her one-half interest is her non-marital asset because the conveyance occurred after the date she filed the petition for dissolution.[1] But during the proceedings below she argued just the opposite: that the land became a marital asset when the former husband conveyed it to the parties jointly. “ ‘In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.’ ” Quinnell v. Platt, 23 So.3d 746, 747 (Fla. 1st DCA 2009) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). It is clear from the record the former wife did not argue, either at trial or in a motion for rehearing,[2] that her interest in the land is a non-marital asset. Consequently, she failed to preserve the asserted error for appellate review.[3]
Turning to the former wife’s remaining issues on appeal, the record reveals no abuse of the trial court’s discretion in distributing the land to the former husband and in determining child support. As to the land — which appears to be the only marital asset subject to equitable distribution — the court considered and made findings on each of the factors set forth in *406 section 61.075(1), Florida Statutes (2006), which permits unequal distribution of marital assets. See generally Boutwell v. Adams, 920 So.2d 151, 153 (Fla. 1st DCA 2006) (trial court is required to make specific findings justifying disparity in asset distribution). While most factors were inapplicable, the court found that two factors justify awarding the former husband the land: the less-than-two-year duration of the marriage, see section 61.075(l)(c); and the fact that only the former husband contributed, through “sweat equity” and non-marital assets, to enhancing[4] the land, see section 61.075(l)(g). Evidence in the record supports the court’s findings, and we cannot say, based on those findings, the court abused its discretion in distributing the land entirely to the former husband. See generally Wilson v. Wilson, 992 So.2d 395, 397 (Fla. 1st DCA 2008) (court’s distribution of marital assets reviewed for abuse of discretion).
In setting the former husband’s child support obligation, the trial court accepted both parties’ most current financial affidavits and relied on them to determine the monthly guidelines amount of $596.00. The court considered the former husband’s testimony and the deposition testimony of the former wife’s expert witness, a certified public accountant, about the accuracy of the income figure represented on the former husband’s affidavit. As it is entitled to do, the court resolved the evidentiary conflicts in the former husband’s favor and found the information in his affidavit accurate. We discern no abuse of discretion. See Shaw v. Nelson, 4 So.3d 740, 742 (Fla. 1st DCA 2009) (child support determination reviewed for abuse of discretion and adherence to statutory guidelines).
AFFIRMED.
VAN NORTWICK and THOMAS, JJ., concur.

. The former husband conveyed the land to himself and the former wife approximately one month after the former wife filed the petition for dissolution. He testified he did this on the strength of discussions with the former wife indicating she wanted to reconcile. The land was valued at approximately $925,000 in My 2008.

. Cf. Fla. R. Civ. P. 1.530(e) (permitting a party to raise sufficiency of the evidence on appeal without first moving for rehearing where the action was tried to the court without a jury).

.The trial court agreed with the former wife that the land became a marital asset when the former husband conveyed it to the parties jointly. Thus estoppel principles would preclude the former wife seeking reversal of the judgment on a legal basis wholly opposite to the one she advanced — and prevailed on— below. See Batie v. Batie, 31 So.3d 939, 940 (Fla. 1st DCA 2010), and cases cited therein.

. Using nonmarital funds to purchase the needed materials, the former husband built two barns, an electric gate and a pond.