JACOBUS, J.
 

 The appellant, Lori Robertson (Former Wife), appeals from the final judgment of dissolution of marriage. The Former Wife raises five issues on appeal. We find four of her arguments are without merit. However, one issue requires remand for further proceedings.
 

 The parties were married in June of 1997. Approximately ten days prior to the wedding, John Robertson (Former Husband) registered a domain name in his name in order to develop a website. After the parties were married, the Former Husband continued to work on his website, and it became the business from which the family derived the majority of its income. At the time of the breakup of the marriage, the website was grossing substantial sums of money.
 

 The trial court correctly found that the domain name and the website business were the nonmarital property of the Former Husband because the domain name had been registered and website development had begun prior to the marriage.
 
 See
 
 § 61.075(6)(b)l., Fla. Stat. (“Assets acquired and liabilities incurred by either party prior to the marriage” are nonmarital.). However, it was the Former Husband’s efforts during the marriage that enhanced the value of the website business. As a result, the Former Wife is entitled to have the enhanced value of the business considered as part of the equitable distribution.
 
 See
 
 § 61.075(6)(a)l.b., Fla. Stat. (“The enhancement in value and appreciation of nonmarital assets resulting ... from the efforts of either party during the marriage” are marital assets.);
 
 see also Gill v. Gill,
 
 632 So.2d 226, 227 (Fla. 2d DCA 1994) (noting that the enhancement in value of a nonmarital business is a marital asset where such enhancement is the result of the efforts of either party during the marriage). Since the Former Wife is the one asserting her entitlement to the enhanced value of the website business, she has the burden of proving that value.
 
 Pereboom v. Pereboom,
 
 959 So.2d 1205 (Fla. 4th DCA 2007) (finding that the party asserting entitlement to the enhancement in value of a nonmarital asset has the burden of proof).
 

 On the day before trial was to begin, the Former Wife’s attorney filed a motion to continue the trial advising the court that the Former Wife had difficulty retaining an expert to valúate the enhanced value of the website business. She had just retained an expert that was willing to provide an opinion as to the value of the business and receive a fee at a later time. The expert resided out-of-state and was unavailable on the day of trial. The trial court denied the motion to continue. The Former Wife’s attorney then moved that the expert be permitted to testify as a rebuttal witness by telephone. Again, the trial court denied the motion and the matter proceeded to trial. On the evidence
 
 *78
 
 presented, the court found that the Former Wife had failed to meet her burden in demonstrating the enhanced value of the website business during the marriage and it was not considered in the equitable distribution scheme.
 

 The court’s denial of the motion to continue placed a manifest injustice on the Former Wife. The primary asset of value in the marital estate was the enhanced value of the website. The court should have considered the predicament in which the Former Wife found herself on the day of trial and accommodated her in some manner, either by continuing the case or by permitting the testimony of the expert be taken at some future time and submitted to the court for consideration. By denying the continuance, the court foreclosed the Former Wife’s ability to have a substantial asset considered in the equitable distribution scheme.
 

 The facts of this case are similar to those found in
 
 Fleming v. Fleming,
 
 710 So.2d 601, 603-04 (Fla. 4th DCA 1998), in which the court found that the trial court abused its discretion in denying a motion to continue when a prior attorney for the former wife failed to properly prepare financial information relating to the former husband’s business, which he claimed was unprofitable. Further, our review of the record reveals that the Former Wife established all “four factors” necessary to secure a continuance or some accommodation due to witness unavailability in this case.
 
 See State v. Humphreys,
 
 867 So.2d 596, 598 (Fla. 2d DCA 2004). Accordingly, the trial court abused its discretion in the denying the Former Wife’s motion to continue.
 

 The matter is reversed and remanded to the trial court to permit the Former Wife to present testimony as to the enhanced value of the website business during the marriage and to revisit the equitable distribution in this case based upon that testimony.
 

 REVERSED and REMANDED with instructions.
 

 GRIFFIN and EVANDER, JJ., concur.