DAMOORGIAN, J.
Appellant, Robert Macleod (“Former Husband”), appeals a final judgment of dissolution of marriage, raising issues related to equitable distribution, alimony, and attorney’s fees. On cross-appeal, Ap-pellee, Brenda Macleod (“Former Wife”), assigns error to an inconsistency between the attorney’s fee award and the equitable distribution schedule. Finding merit to Former Husband’s issue on appeal regarding the equitable distribution of a non-marital asset, we reverse and remand, concluding that the designation of the Nova Scotia cottage as a marital asset was not authorized by the parties’ post-marital agreement. We find no error in connection with the other issues raised by Former Husband and Former Wife, and affirm on those issues without further comment.
The Nova Scotia cottage was built by Former Husband’s family. Former Husband and his three siblings each inherited a 25% interest in the cottage. Thereafter, Former Husband withdrew approximately $61,000 from his non-marital trust to purchase his siblings’ respective interests. Throughout the marriage, title to the cottage remained in Former Husband’s name. The parties spent over $62,000 in marital funds to pay for the annual taxes, insurance and improvements to the cottage. The parties also enjoyed the use of the cottage during the marriage.
Former Husband and Former Wife entered into a post-marital agreement. The agreement provided that “any assets obtained by either of the parties through inheritance or parental gift, investments *149 acquired from the proceeds of such assets, and any value accruing as a result of the use or investment of such assets [defined as protected assets] would be retained as each party’s separate assets.” However, under one exception to the agreement, protected assets “which are converted into tangible assets and used by Brenda and Malcolm shall no longer be protected.”
The trial court concluded that the cottage “lost its non-marital status” because the parties had used the cottage and improved it with marital funds. Once the court determined that the cottage was a marital asset, it equitably distributed it to Former Wife.
Former Husband argues that under the terms of the agreement, the cottage remained a non-marital “protected asset” because the cottage was never converted into a tangible asset. Former Wife counters that due to the family’s use of the cottage as well as the expenditure of marital funds to maintain and improve it, the cottage lost its status as a protected asset under the terms of the parties’ agreement.
“A postnuptial agreement is subject to interpretation like any other contract,” and a court’s interpretation of a contract is subject to de novo review. Chipman v. Chipman, 975 So.2d 603, 607 (Fla. 4th DCA 2008) (citations omitted).
We begin our analysis by noting that “[w]here the terms of a marital settlement agreement are clear and unambiguous, the parties’ intent must be gleaned from the four corners of the document.” Jones v. Treasure, 984 So.2d 634, 636 (Fla. 4th DCA 2008) (citation omitted). According to the plain language of the agreement, the cottage was not only required to be used, it also needed to be converted into a tangible asset before it lost its non-marital “protected asset” status. Conversion is defined as “[t]he act of changing from one form to another; the process of being exchanged.” Black’s Law Dictionary 356 (8th ed. 2004). While it is undisputed that the cottage was used by the parties, it was never converted into some other tangible asset.
Moreover, the act of maintaining or expending marital assets to maintain or improve the cottage did not result in a conversion. See Martin v. Martin, 923 So.2d 1236, 1238-39 (Fla. 1st DCA 2006) (“[improvements or expenditures of marital funds to a nonmarital asset does not transform the entire asset into a marital asset; rather, it is only the ‘enhancement in value and appreciation’ which becomes a marital asset.”) (citing Strickland v. Strickland, 670 So.2d 142, 143 (Fla. 1st DCA 1996)). “A party’s conduct regarding inherited real property is distinguishable from the inheritance of money, which can lose its status as a non-marital asset if commingled with marital funds.” Martin, 923 So.2d at 1238 n. 1 (citing Lakin v. Lakin, 901 So.2d 186, 190 (Fla. 4th DCA 2005)). Accordingly, the trial court erred by designating the Nova Scotia cottage as a marital asset.
On remand, the trial court shall determine the amount of appreciation in value of the cottage that resulted from the expenditure of the parties’ marital funds on the cottage. See § 61.075(6)(a)l.b., Fla. Stat. (2010) (“The enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both,” is considered a marital asset or liability.); Martin, 923 So.2d at 1238-39 (“[T]o make an award for the enhancement in value and appreciation of a non-marital asset, the court must make specific findings as to the value of such enhancement and appreciation during the *150 marriage, as well as which portion of that enhanced value is attributable to marital funds and labor.”) (citations omitted).
Furthermore, the trial court shall also reconsider its equitable distribution scheme, as well as other aspects of the final judgment, which may be impacted by our holding. See Hanks v. Hanks, 553 So.2d 840, 348 (Fla. 4th DCA 1989).

Affirmed in Part; Reversed in part and Remanded.

MAY, C.J., and HAZOURI, J., concur.