COHEN, J.
Mary F. Davis (“Former Wife”) appeals from the trial court’s final judgment dissolving her twenty-one-year marriage to Steven H. Davis (“Former Husband”), awarding him majority time-sharing of their minor child, and equitably dividing the marital assets. Former Wife chai- *662 lenges the admission of evidence at trial relating to various Department of Children and Families (“DCF”) investigations of the family, the disposition of certain real property in the equitable distribution scheme, and the denial of her request for attorney’s fees.
Due to Former Husband’s military career, the family moved frequently before settling in Florida in 2008. In Florida, DCF investigated the family nine times over a period of three years. At trial, the court admitted into evidence thirty pages of DCF investigative summaries during Former Husband’s testimony. The documents were comprised of numerous hearsay statements of various DCF investigators based on their observations and interpretations of statements given by the parties, the child, and third parties. Former Wife timely objected on hearsay, authentication and foundation grounds, but was overruled. In the final judgment, the trial court referenced the DCF summaries to explain that it was struck by the continuing theme that Former Wife’s allegations underlying the investigations were not supported by the evidence. The trial court further noted that a DCF investigator had observed in a report that Former Wife was hindering Former Husband’s attempts to rebuild a relationship with the child. Based on these and other findings, the trial court awarded Former Husband majority time-sharing after considering the factors set forth in section 61.13(3), Florida Statutes (2010).
On review, we agree the trial court erred in admitting the investigative summaries. Former Husband failed to call the authors of the reports to testify, or to otherwise establish any predicate for their admission. Cf. Reichenberg v. Davis, 846 So.2d 1233, 1234 (Fla. 5th DCA 2003) (reviewing admissibility of DCF reports). Nevertheless, the trial court’s error does not require reversal. See Forester v. Norman Roger Jewell & Brooks Int’l, Inc., 610 So.2d 1369, 1372 (Fla. 1st DCA 1992) (“Only when it appears that such errors injuriously affect the substantial rights of the complaining party will a judgment be reversed.”); see also C.A. v. Dep’t of Children & Families, 958 So.2d 554, 557 (Fla. 4th DCA 2007) (explaining error is harmless where there is no reasonable possibility error contributed to the verdict). There was ample evidence to support the trial court’s findings, including Former Husband’s testimony.[1] Accordingly, the investigative summaries were merely cumulative, and any error in their admission was harmless. Cf. C.J. v. Dep’t of Children & Families, 756 So.2d 1108, 1110 (Fla. 3d DCA 2000) (holding trial court’s error in making findings based upon inadmissible hearsay report and deposition was harmless because report was cumulative and critical elements of deposition were testified to by another witness).
The trial court reversibly erred, however, in awarding Former Husband a one-half interest in a condominium located in Virginia. There was no dispute that Former Wife inherited the condominium during the marriage, that it was titled in her mother’s name with Former Wife having a right of survivorship, and that the *663 title was never changed. No marital funds were used to purchase the property and, thus, it constituted a nonmarital asset. See § 61.075(6)(b)2., Fla. Stat. (2010); cf. Pfrengle v. Pfrengle, 976 So.2d 1134, 1136 (Fla. 2d DCA 2008) (finding properties acquired during marriage by former husband’s solely owned companies were marital assets because commingled funds were used to acquire properties).
While Former Husband testified that he contributed to the value of the condominium through repairs and services and that marital funds were used at times to pay the mortgage, the trial court failed to make factual findings to support an enhancement in value award on the non-marital asset. See Martin v. Martin, 923 So.2d 1236, 1239 (Fla. 1st DCA 2006). Further, Former Husband failed to support his testimony with evidence from which the trial court could have extrapolated the requisite findings, other than a few pages of bank records indicating mortgage payments and condominium fees were paid from marital funds. See Robertson v. Robertson, 78 So.3d 76, 77 (Fla. 5th DCA 2012) (stating party seeking entitlement to enhancement in value of nonmarital asset has burden of proof). As Former Husband failed to prove he was entitled to an enhancement award, the nonmarital asset should be removed from the equitable distribution scheme. See Pereboom v. Pereboom, 959 So.2d 1205, 1206 (Fla. 4th DCA 2007) (reversing award in nonmarital asset because party failed to prove an increase in value of the asset).
Lastly, Former Wife retained five attorneys during the course of the litigation. She argues the trial court erred in denying her request for $24,689.26 in attorney’s fees—all related to the fifth attorney’s representation of her in three months’ time—because of the substantial disparity between the incomes of the parties.[2] In evaluating the request for fees, the trial court appears to have based its decision on Former Wife’s ability to draw from her nonmarital bank stocks and on speculation that the parties would be on near-equal footing, as Former Husband was expected to retire a few months after trial.
Instead, the lower court should have evaluated Former Wife’s request for fees based on the parties’ financial resources as of the time of the final judgment. See Derrevere v. Derrevere, 899 So.2d 1152, 1153 (Fla. 4th DCA 2005); Emmel v. Emmel, 671 So.2d 282, 285 (Fla. 5th DCA 1996). While it can be an abuse of discretion to fail to award attorney’s fees where there is a substantial disparity between the parties’ income, the court must consider the “overall relative financial positions and resources of the parties, and not just an isolated factor such as income or earning capacity.” Arena v. Arena, 103 So.3d 1044, 1046 (Fla. 2d DCA 2013) (quotation omitted). On remand, the trial court should reconsider Former Wife’s request for attorney’s fees in light of this Court’s ruling and the applicable factors, articulate the basis for its conclusion, and, if awarded, make the requisite findings as to the reasonableness of the attorney’s fees. See id. at 1046-47; see also Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla.1980) (explaining purpose of section 61.16, Florida Statutes, is “to ensure that both parties will have similar ability to secure competent legal counsel.”). The trial court can certainly consider the reasonableness of the fees in the *664 context of Former Wife’s repeated changes of counsel, which no doubt contributed to the accumulation of fees.
Finding no merit to the remaining issue raised, we affirm the final judgment as to the parenting plan, reverse the interest in the condominium awarded to Former Husband, and reverse the denial of Former Wife’s attorney’s fees. We remand Former Wife’s motion for attorney’s fees for reconsideration.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA and LAWSON, JJ., concur.

. Former Husband’s testimony was corroborated by other evidence, including a report from a Navy investigation, eyewitness testimony, and the trial court’s factual findings based on the testimony of a DCF agent given at a prior hearing involving the same parties. By failing to object, Former Wife waived any argument as to the process by which the trial court effectively took judicial notice of its own records. See Achurra v. Achurra, 80 So.3d 1080, 1082 (Fla. 1st DCA 2012) (finding judicial notice issue unpreserved because counsel failed to object).

. As of trial. Former Husband earned over $10,000 monthly and Former Wife was unemployed.