# Third District Court of Appeal

## State of Florida

Opinion filed February 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2579
Lower Tribunal No. 15-4112
_____

**Edelmo Escalona Socarras,**
Appellant,

vs.

**Nadja Marcela Bazan Vassallo,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Law Offices of Lizette Reboredo, P.A., and Lizette Reboredo, for appellant.

Andrew M. Kassier, P.A., and Andrew M. Kassier, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

LOGUE, J.

Edelmo Escalona Socarras, the Former Husband, appeals entry of a final judgment dissolving his marriage to Former Wife Nadja Marcela Bazan Vassallo. We agree with the Former Husband that the trial court erred in concluding that an equity line of credit secured by the former husband's Miami Property, a nonmarital asset, effectively commingled funds and transformed the Former Husband's Miami Property into a marital asset. We reverse the trial court's classification of the Miami Property as a marital asset and its award of a fifty percent interest in the Miami Property to the Former Wife.

"A trial court's determination that an asset is marital or nonmarital involves mixed questions of law and fact. Although we defer to the trial court's factual findings if they are supported by competent, substantial evidence, we review the trial court's legal conclusions de novo." Gromet v. Jensen, 201 So. 3d 132, 135 (Fla. 3d DCA 2015) (citing Valladares v. Junco–Valladares, 30 So. 3d 519, 523 (Fla. 3d DCA 2010)).

In 2003, the Former Husband purchased the Miami Property with nonmarital funds before he married the Former Wife. The couple married in late 2005. In 2007, the Former Wife moved from Peru to the United States and the Miami Property served as the marital home, but remained owned by, and titled in, the Former Husband's name alone. During the marriage, the Former Husband was the sole source of income and made all mortgage payments on the Miami Property. No

evidence was presented that the Former Wife enhanced the value of the property through marital labor, made improvements to the home, or contributed financially.

During the marriage, the Former Husband obtained an equity line of credit in the amount of $89,000 for an investment in Peru, using the Miami Property as collateral. The investment did not yield any profit and resulted in financial loss. Approximately $72,000 of the investment was recovered, but $14,000 remained outstanding on the balance of the loan. The monies that were obtained from the equity line of credit were returned to that same line of credit, without the commingling of any marital funds.

Consequently, at trial, the Former Wife failed to establish that the Former Husband's Miami Property had been "transformed" to a marital asset. See Kaaa v. Kaaa, 58 So. 3d 867, 872-73 (Fla. 2010) (concluding that a marital home that is nonmarital property is not transformed into a marital asset when encumbered by mortgage paid for with marital funds); Higgins v. Higgins, 226 So. 3d 901 (Fla. 4th DCA 2017) (concluding that use of marital funds to satisfy a marital debt secured by nonmarital property was not commingling, did not transform property into a marital asset, or cause property to lose nonmarital character); Fashingbauer v. Fashingbauer, 19 So. 3d 401, 402 (Fla. 1st DCA 2009) (concluding that husband's use of nonmarital property to obtain a line of credit used to purchase marital property did not transform nonmarital property into marital property).

3

On these facts, only an enhancement in value of the Miami Property, if any, minus any indebtedness, would become a marital asset for equitable distribution purposes. See Kaaa, 58 So. 3d at 871 (quoting Martin v. Martin, 923 So. 2d 1236, 1238-39 (Fla. 1st DCA 2006)) (holding "only the 'enhancement in value and appreciation' . . . becomes a marital asset"); Higgins, 226 So. 3d 901 (same); Macleod v. Macleod, 82 So. 3d 147, 149 (Fla. 4th DCA 2012) (same).

Accordingly, we reverse the judgment on appeal to the extent it classifies the Miami Property as a marital asset and relies upon this classification in determining equitable distribution. We remand with directions to treat the Miami Property as the Former Husband's nonmarital asset. On remand, the Miami Property must be classified as a nonmarital asset and the trial court shall revisit the equitable distribution. The Former Wife is entitled to her share of the appreciation, if any, in value of the marital interest in the Miami Property. We affirm the remainder of the matters in the Final Judgment that are not impacted by this decision without further discussion.

Affirmed in part, reversed in part, and remanded.